■OPINION of the Court, by
Judge Logax.
TIiís was an action of ejectment, in which the only questions presented for the determination of this court, relate to -the proceedings under the act concerning occupying claimants of land.
'The first and second assignments of error, apply particularly to the report of the commissioners, The objections to the repon were, 1st, that tiie improvements were valued too high j and, 2dly, that the assessment purports to have been made on the agreement of the parties as to the quantity of cleared land, without evidence of that agreement.
To the first objection, the proper answer is, that it, was the province of the commissioners to ascertain the value of the improvements; and that a court ought to have the most convincing and satisfactory evidence the incorrectness of their estimate, before it should *396 quash or commit the report on that ground ; and although there is some contrariety in th© evidence in relation to this point, yet, from the whole evidence, it appears very satisfactorily, that the improvements exceed three-fourths of the value of the land in its natural and unimproved state. And as by law, where the improvements exceed three-fourths of the value of the land, the successful claimant may elect to take the estimated value of the land, and in this case having made such election, it was obviously unnecessary for the purposes of the occupant, and would have been improper, to have recommitted the report; because it would have beep attended with delay and expense without the most distant prospect of a different result.
With respect to the agreement or consent of the occupant as to the quantity of cleared ground, tills was a mere question of fact, proper for the inquiry of the court below, and which this court ought not to presume that court to have acted upon without evidence, if the objection were then made ; and if it were not objected to in that court, then the objection comes too late and ought not to prevail; for if it had been made in that court, it might, by the connnmissioners, or other evidence, have been proved to the satisfaction of the court, that such consent had been given, and that such was the fact is the proper and legal presumption.
Again, it is objected that the judgment is erroneous, because the successful claimants have not executed to the occupant a release of their claim, and given bond and security to refund the estimated value, in case of eviction by any paramount claim.
The statute upon this subject provides, that if the occupant in such cases shall fail to give bond for the value of the land, the court shall render judgment against him for the amount thereof: with a proviso, however, that the successful claimant shall release his claim to the occupant, and give bond and approved security to refund the money in case the occupant should be evicted by any paramount claim. This is an essential prei’equisite on the part of the successful claimant to entitle him to a judgment against the occupant; and a judgment rendered without the execution of such a release and bond is therefore erroneous. We have, however, entertained some doubt whether the release and execution of bond, as required by the act, ought not to be presumed to havfe *397 been done, upon the principle that that shall be presumed to have been done which was required, to warrant the judgment of the court, and which was not necessary to be made a part of the record.
That it was necessary to spread the deed of release and bond at length upon the record, is, as we apprehend, not pretended, but that the record should exhibit some evidence of their execution ; for they being no part of the record, cannot properly be certified to this court upon a certiorari; and if such deed of release and bond should be omitted, great injury and inconvenience might result; and that which had been required by the act as a necessary prerequisite to the rendition of the judgment be entirely neglected, without the means of legal correction. We have, therefore, supposed it the better and safer practice that the record should show that the release and bond had been executed as a condition upon which the judgment could only be justified by law.
The judgment of the court below must, therefore, be reversed with costs, and remanded, in order that the execution of a deed of release and bond with security may be required agreeably to the provisions of the act ef assembly concerning occupying claimants of land.