## Samuel G. Haslett *et al.*

### *v.*

## James H. Crain.

1. Ejectment—*commissioners to value improvements, etc.* Where the court, rendering judgment for the plaintiff, in an action of ejectment, at the same time sustains a motion for the appointment of commissioners to value improvements, etc., under the statute, it will be presumed, until the contrary is made to appear, that the defendant's title was such as to authorize the appointment,—it need not appear affirmatively that the defendant had such a title.

2. Same—*report of commissioners not conclusive.* The report of commissioners appointed by the court, after judgment in ejectment, to estimate the value of the defendant's improvements, is not final, but is liable to be

excepted to for any erroneous allowance. If erroneous, the court should quash the report on motion.

3. SAME—*improvements allowable.* The defendant in ejectment, on judgment of eviction, is not entitled to be reimbursed for improvements made by him after suit brought, though made under a contract previously made.

APPEAL from the Circuit Court of Pulaski county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. JOHN M. LANSDEN, for the appellants.

Mr. D. T. LINEGAR, for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

An action of ejectment was commenced on the 12th day of September, 1865, in the circuit court of Pulaski county, to recover the possession of a certain forty acres of land. Judgment having been rendered in favor of the plaintiffs, at the November term, 1870, there was at the same time a motion entered by the defendant for the appointment of commissioners, under section 55 of the Ejectment Act, to assess the value of improvements made by him. At the May term, 1871, the motion was granted, and seven commissioners appointed for the purpose. The commissioners subsequently made their report, finding the value of all improvements, after deducting waste, and rents and profits, to be $492.50. A motion was made by the plaintiffs to quash the report, assigning several reasons therefor. One item in the report, the sum of $102.50, the excess of value of improvements made after notice, over rents and profits received, was disallowed by the court, and the motion to quash the report, otherwise overruled, and excepted to, and judgment was entered for the defendant, upon the report, for $390 and costs, from which the plaintiffs took this appeal.

But two reasons are now insisted upon why the report should have been quashed—one, that it does not appear that the commissioners were rightfully appointed; the other, that the

evidence heard by the commissioners did not support their finding.

As this appointment of commissioners is not made in the course of the ejectment suit before judgment, but is made subsequent to the judgment, it is claimed that it is a special statutory proceeding; and as this proceeding, on the part of a defendant, is given only in the case of his eviction from land for which he can show a plain, clear and connected title, in law or equity, deduced from the record of some public office, it is contended the record should show affirmatively that the defendant had such a title, in order to make a case for the appointment of such commissioners, and jurisdiction to make the appointment; that such jurisdiction must affirmatively appear, according to the well known rule upon that subject in the case of special statutory proceedings. It does not appear, from the record, that the defendant showed or had such title as above named.

As the statute names that the court giving judgment of eviction shall, at the time, appoint the commissioners, and the record shows that the motion for the appointment of commissioners was made at the time the judgment was rendered, we are of opinion that, in support of the action of the court, it should be presumed, until the contrary is made to appear, that the commissioners were rightfully appointed; that the defendant's title authorizing the appointment had been shown to the court. *Fowler* v. *Halbert*, 4 Bibb, 52, seems to recognize such as the rule. There is no evidence that the defendant did not have the required title.

As to the second ground for quashing the report, all the evidence heard before the commissioners is preserved in the record, and, without reviewing it in detail, we will say of it, that it very clearly appears to us to be insufficient to sustain the finding of the commissioners. All the improvements that the defendant, under the evidence, appears to be entitled to recover for, are those made before notice of the adverse claim, viz: the bringing of the suit on September 12, 1865. Such improvements consisted in clearing a portion of the land. From all

the evidence, we can not see that the defendant, before notice, cleared more than about six acres. The most he claims it to be worth, by his own testimony, is $25 per acre. This would make $150. We can not see, under the testimony, that the defendant is really entitled to recover anything more, intimating no opinion whether, in view of the whole evidence, he is entitled to recover that or any amount. Defendant testified that he cleared, in the whole, thirty acres, a part of which was done since the commencement of the suit, but that it was done under a contract which he had made before the commencement of the suit, for doing the whole work, and he claims that he should be allowed for such part, as for improvements made before notice.

We can not admit this claim. Improvements made after notice are not to be regarded as improvements made before notice, from the mere fact of having been made in pursuance of such previous contract for having them made.

It is claimed that the report of the commissioners, as respects the finding upon the evidence, is final, as the statute has not pointed out any mode of taking objection thereto. The proceeding is a judicial one, an incident to a legal suit within the ordinary jurisdiction of the court, the commissioners being appointed by the court at the time of giving judgment of eviction, and being required to lodge their report with the clerk of the court, and the judgment of the court is afterward to be entered thereon. We are of opinion that it is to be held subject to the supervision of the court, and liable to be excepted to in the mode done here.

In *Carrol* v. *Moss' Heirs*, 4 Bibb, 395, which we take to be a like proceeding, under a similar statute, the right of taking objection to the report of the commissioners, as done here, is recognized, while it is acknowledged that it is the province of the commissioners to ascertain the value of the improvements, and that a court ought to have the most convincing and satisfactory evidence of the incorrectness of their estimate before it should quash or commit the report on that ground. See, also, *Ross* v. *Irving*, 14 Ill. 171.

We think the court below erred in refusing the motion to quash the report, and the judgment is reversed and the cause remanded.

*Judgment reversed.*