JAMES SHAND, Executor, etc., Respondent, *v.* WILLIAM HANLEY, et al., Appellants.

An action may be maintained by a judgment-creditor to set aside a conveyance of lands made by the debtor, as made with intent to defraud the creditor, although the debt was created after the conveyance, where it appears that the debtor obtained credit on the strength of his ownership of the lands, then transferred them with intent to defraud his creditors, and thereafter continued in possession and seeming ownership, and kept up his credit thereby: in such case a transfer may be made with intent to defraud a subsequent, as well as a prior creditor;

and the fraudulent intent appearing, the conveyance will be declared void.

*It seems,* that where real estate is conveyed by a debtor through a third person to his wife, with intent on the part of all the parties to defraud his creditors, and the wife receives her conveyance after the filing of a *lis pendens* in an action by a creditor against the husband, wherein an attachment is issued, on the ground that the real estate has been fraudulently transferred, this is constructive notice to her of the defect in her title, and of the equitable lien of the creditor; and she cannot claim the benefit of subsequent improvements made by her thereon, at least where it would defeat the claim of the creditor.

Where an action is brought by a judgment-creditor on behalf of all other judgment-creditors, as well as himself, to set aside fraudulent conveyances of the debtor's real estate, a judgment is not improper adjudging the appointment of a receiver to take a conveyance of and to sell the real estate.

Where, in such action, the holder of a lien or claimant of other interest in the property is made a party defendant, and the validity of the lien or claim is made a question in the action, and is disposed of adversely to such defendant, a sale and conveyance by the receiver will vest in his grantee a title superior to such lien or claim.

(Submitted November 16, 1877 ; decided November 27, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought originally by Robert H. Hume, plaintiff's testator, as a judgment-creditor of defendant, William Hanley, and on behalf of all other judgment-creditors, to set aside a conveyance by said defendant to defendant Francis Hanley ; and also a conveyance by said grantee to defendant Catharine Hanley, wife of William, upon the ground that the conveyances were made by the parties with intent to defraud the plaintiff and other creditors.

The facts are sufficiently stated in the opinion.

The judgment of the Special Term adjudged the conveyances fraudulent and void; appointed a receiver, to whom Francis and Catharine were required to convey — excepting, however, the dower right of the latter; and the receiver was required to sell and convey in the usual manner, subject to such dower right, and subject to a mortgage on the premises executed by Franics Hanley.

*Benj. F. Carpenter*, for appellants. Gifts and voluntary conveyances made by a party when not indebted to any one, without fraudulent intent, cannot be questioned by subsequent creditors. (*Phillips* v. *Wooster*, 36 N. Y., 412; *Babcock* v. *Eckler*, 24 id., 630; *Tappen* v., *Butler*, 7 Bos., 480; *Holden* v. *Burnham*, 63 id., 74; 3 R. S. [6th ed.], 145, § 4; *Carpenter* v. *Rowe*, 10 N. Y., 230; *Case* v. *Phelps*, 39 id., 164; *Savage* v. *Murphy*, 34 id., 508.) Neither of the appellants having taken the property with guilty intent, and both being purchasers for a valuable consideration, their title is not to be affected or impaired. (3 R. S. [6th ed.], 146, § 5; *Dudley* v. *Danforth*, 62 N. Y., 626.)

*S. W. Fullerton*, for respondent. The conveyance to Francis Hanley was void through fraud. (*Carpenter* v. *Rowe*, 10 N. Y., 227; *Savage* v. *Murphy*, 34 id., 508; *Case* v. *Phelps*, 39 id., 164.)

FOLGER, J. The plaintiff is a judgment-creditor of the defendant, William Hanley. This suit is brought by the plaintiff as such creditor, to set aside a deed of real estate made by that defendant to the defendant, Francis Hanley, and a deed of the same premises made by Francis to the defendant, Catharine Hanley. The ground of the suit is, that those deeds were made by the parties to them, with the intent to defraud the plaintiff of the debt to him for which his judgment was recovered. The Special Term found the fact so to be. It is true, that the debt was created after the execution of the deed to Francis Hanley. The plaintiff was not an existing creditor of William Hanley then. William Hanley had, however, obtained credit on the strength of his ownership of the premises. He continued in possession of them, and in seeming ownership, and kept up his credit thereby. In such case a transfer of real estate may be made with an intent to defraud one who has after that become a creditor, as well as one who before that has become a creditor; and the fact of fraudulent intent appearing, the deed

will be declared void against the subsequent creditor. (*Savage* v. *Murphy*, 34 N. Y., 508; *Case* v. *Phelps*, 39 N. Y., 164.) The cases cited are not analogous in all their facts, but they maintain the principle above stated. There is no difference in result, as there is no difference in the intention to produce the result, between a transfer of property to defraud a creditor existing at the time, and a creditor thereafter to be made. And in answer to the first point of the appellants, let it be said here, that the complaint in this suit puts the cause of action upon the ground above stated. It does, indeed, in general terms, aver an existing indebtedness to the plaintiff and others, and that it did in fact exist at the time of the execution of the deed to Catharine Hanley. But the explicit and detailed averments of the complaint are of continued possession, and continued credit by reason thereof, and the incurring of indebtedness to the plaintiff after the deed to Francis Hanley.

If, then, there is evidence in the case to sustain the finding above mentioned, the judgment, so far as the question above stated is concerned, must be affirmed. The motion to dismiss the complaint, and certain of the requests for findings of fact, which were refused, properly raise that point. We have attentively considered the testimony. There was in it that which tended to show that William Hanley and his partner bought chattels of the plaintiff with the preconceived purpose not to pay for them. There was also in it that which tended to show that William Hanley made the transfer of the real estate to his brother, with the purpose of screening it from the debt thus created; and that the deed from the brother to the wife of William, was a part of the same plan; that both deeds were upon no real and honest consideration; and that all the parties to them were conspiring to carry out the fraudulent purpose. It is not necessary to go into the details of the testimony.

It makes no difference on appeal to this court, in a case passing through the General Term as this did, that there was also testimony which, if believed and relied upon, would

have showed the contrary of all that. It was for the Special Term to pass upon the credibility of witnesses, and it could rely upon which it put faith in when there was conflict in their testimony. Nor was it needful that there should be direct testimony of fraudulent knowledge and intent in the parties to the conveyances. The Special Term, from facts shown, could infer the existence thereof. These elementary propositions are stated to meet somewhat that is said in the first and second points of the appellants. And what has been said, also meets, in part, the fourth point of the appellants. The Special Term has found that the conveyances were without consideration, or if the first was upon a consideration, it was taken only as a security for a debt which was paid before the last was given, which last was made with the intent of the defendants above named, all of them, to cheat and defraud the plaintiff and other creditors.

It is claimed in the fifth point of the appellants, that the attacking creditors, even if successful in fixing a lien upon the premises, should not have the benefit of a new building erected thereon. This is based upon the assertion that the defendant, Catharine, placed the new building there. There is no finding of fact that she did. That finding was requested but refused. There was testimony that she put up the building. That testimony was from the defendant, William Hanley. If it was to be believed, there was proof which required the Special Term to make the finding asked for. But, as before said, it was for the Special Term to pass upon credibility of the witnesses. It is quite plain that it did not believe William Hanley. Hence, we cannot treat it as a fact in the case that his wife made the improvements upon the premises, nor can we say that there was error in refusing the finding requested. Besides, she took her deed, and if she made the improvements made them, after the filing of the *lis pendens* in the action upon the debt of the plaintiff against William Hanley and his partner, wherein an attachment was issued on the ground that this real estate had been assigned with fraudulent intent. This was constructive notice to her

of the insecurity of her title, and of the equitable lien of the plaintiff, and apprised her of the imprudence of making any outlay upon the premises. She may not now absorb the value of the premises, over and above the amount of the mortgage which is recognized by the judgment appealed from. Her inchoate right of dower is preserved, which seems to be the only interest which she has in the premises. In this connection it is claimed that the judgment was erroneous in directing the appointment of a receiver, and that the defendants, William Hanley and wife, convey to him all their title and interest in the premises, save that she is not required to release her inchoate right of dower therein, and that the receiver sell the premises. As this suit was begun in behalf of the plaintiff as judgment-creditor and of all other judgment-creditors who would come in, it was not an improper judgment, on arriving at the conclusion that the conveyances of the land were void, to adjudge the appointment of a receiver to take a conveyance and to sell. It is true that a sale by a receiver in such case will not give a title good against valid liens existing prior to the filing of the complaint. (*Chautauque County Bank* v. *Risley*, 19 N. Y., 369.) But where the holder of a lien, or claimant of other interest in the premises, is made a party to the suit, and the validity of his lien or claim is made a question therein, and is adversely disposed of by the judgment, a sale and conveyance by the receiver will vest in his grantee a title superior to that lien or claim (*Ibid*). We see no reason, then, in the claim of the defendant, Catharine, to be allowed for the improvements put upon the premises, why the judgment is erroneous or ill-advised, in directing the appointment of a receiver to sell and convey.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.