DAVID CARR AND HARMON A. BLANCHARD, RESPONDENTS, v. ELLEN BREESE AND WILLIAM H. BREESE, APPELLANTS.

*Conveyance of property by husband to wife — when fraudulent as to future creditors.*

Where a husband, engaged in carrying on business, transfers the bulk of his property to his wife, without consideration, and with a view to place it beyond the reach of any future creditors he may have, such transfer is fraudulent and void as to such future creditors, and especially as to those who may trust him, relying upon his ownership of the property, and in ignorance of the transfer made to his wife.

. APPEAL by the defendants from a judgment, entered upon the report of a referee.

In the spring of 1871 the defendant, William H. Breese, sold two houses then owned by him, and purchased another house, taking the title thereto in the name of his wife. The two houses so sold, which furnished the money wherewith to buy the new house, constitutes the bulk of his property. Breese was a saloon keeper, and had been for a number of years, and had bought the greater part of his liquors from the plaintiffs on credit, and continued so to do until he failed in 1875, when he owed them about $4,267.10.

This action was brought by the plaintiffs, after the recovery of a judgment against William H. Breese, and the return of an execution unsatisfied, to set aside the conveyance to his wife as fraudulent.

*R. A. Parmenter*, for the appellants.

*Edgar L. Fursman*, for the respondents.

BOCKES, J. :

The learned referee, on the facts proved before him, applied to the case the sound principle of law, that a husband's transfer of his property to his wife, without consideration, with a view to place it beyond the reach of his future creditors, was fraudulent as to such creditors, when his purpose by such act was to throw upon the latter the hazard of his future success in business. This just principle has been frequently declared, and it stands upon the same ground as that applied to a fraudulent transfer of property to defeat the honest claims of creditors existing at the time of the transfer. It is quite apparent that the husband intended to save his property in the hands of his wife, at the expense of his creditors, in case calamity should come to him in his future business, which he proposed to conduct, and actually did conduct, on credit; and the case shows that his indebtedness increased continually and rapidly from the time his wife took the title until his financial collapse. He turned over to her, by investing her with the title, the bulk of his entire property. He retained title in himself to a very insignificant part of it, or mere fragment of it, which proved substantially, if not wholly, valueless to his creditors as a fund from which they could

obtain satisfaction of their claims. Indeed, it is quite manifest that he did not retain even sufficient to satisfy, on compulsory sale, the debt and demand that the plaintiffs then held against him. There was no special reason for having the title to his property turned over to his wife, save to place it beyond the contingencies attendant upon the continuance of his contemplated business. A husband out of debt may make suitable settlement upon his wife from his estate, and when done with no dishonest intent, the wife will be protected in her settlement, against the claims of the future creditors of the husband. But, to invest the wife with title to the husband's entire property, or with title to very nearly all of it, when in business, intending to continue the business, can be considered in no other way than as unsuitable and suspicious. It gives reason for a belief of a sinister intent. Had the husband owed the plaintiffs the demand here sought to be enforced, at the time his wife took title to his property, no consideration having been paid by her, the transaction would have been deemed fraudulent in law as against those parties and their claim. Is the property then beyond their reach, simply because the plaintiffs were not then existing creditors? This question must be answered in the negative, *so be it*, that the wife was invested with the title for the purpose of putting it beyond their reach, the husband intending thereby to save it in her hands from the contingencies of his future business. It was held in *Case* v. *Phelps* (39 N. Y., 164) that a person about to engage in a new business could not, with a view thereto, and for the purpose of securing his property for the benefit of himself and family in the event of losses occurring in such new business, convey his property to his wife, voluntarily, without consideration; that the conveyance so made would be fraudulent and void as to subsequent creditors, and that, too, although there was no intent to defraud creditors then existing. The same principle is declared in *Carpenter* v. *Roe* (10 N. Y., 227). So in *Savage* v. *Murphy* (34 id., 508) it was laid down that when a debtor transferred his real estate to his wife and children for a nominal consideration, yet continued in possession of the same, without any apparent change of ownership, *and continued in business*, paying past indebtednesses by obtaining new credit and contracting new debts until he fails

in business, such transfer will be deemed fraudulent and void as to subsequent creditors; and, further, that the fact that he paid up all indebtedness existing at the time of the transfer, by means of credits obtained afterwards, did not change the legal effect of the transaction. So Judge FOLGER, speaking for the court in *Shand* v. *Hanley* (71 N. Y., 319, 322) says on this subject that "there is no difference in result, as there is no difference in intention to produce the result, between a transfer of property to defraud a creditor existing at the time and a creditor thereafter to be made." (See, also, *Mullen* v. *Wilson*, 44 Penn., 413, and *Partridge* v. *Stokes*, 66 Barb., 586.) The principle above noted does not require for its application the entering upon a new and hazardous business by the debtor, following the transfer by him. It is the fraudulent purpose, the unfair and dishonest *intent* with which the act is done that renders it illegal; such is the doctrine of the law; and the intent may be inferred by the probable or necessary result of the act. In many cases the fraudulent purpose becomes a necessary legal conclusion.

It is urged in this case that there was no attempted disguise as to the transfer by Breese to his wife; that the deed was immediately recorded in the proper office. On the other hand, it is answered that the plaintiffs knew the fact that Breese had the title when or after they began to extend credit to him; that they were never informed that it had been changed to the wife; that he occupied the property as his own, and that they relied on the supposed fact that he continued to hold the title in himself. The referee finds that the plaintiffs had no notice or knowledge that the title to the property was put in the wife's name until after the husband's indebtedness, here sought to be enforced, accrued, and that they would not have trusted him had they known that the title was held by Mrs Breese; and, further, that they did not give him credit after they learned that fact. We are satisfied with this finding. It seems but a reasonable and fair deduction from all the evidence in the case. The credit was continued right along without interruption, and was, at times, pretty large in amount. It is improbable that the plaintiffs would have continued so to extend credit to Breese, had they known that he had turned all or nearly all his property over into his wife's name.

It is also urged that the wife's title should be protected to her, inasmuch as the consideration of the purchase of the property conveyed to her was the sale of other real property, in which she had an inchoate right of dower which she released. But the transfer to her was not made as a condition of her releasing her inchoate right of dower in the other property. That release was voluntarily made. For aught that can be seen she surrendered her inchoate right without any condition whatever. Then the title to the property in controversy was made to her; and this was, as has been seen, fraudulent as to the creditors of her husband. But on the trial it was admitted by the defendants' counsel that they did not attempt to support the deed by any consideration for it coming from her. This may, perhaps, have been intended to apply only to an actual payment by her of a money consideration. However this may be, it does not appear that the conveyance to Mrs. Breese was made to secure to her the value of her inchoate right of dower in the other real estate, which right she had released, or had agreed to release. We find no error affecting the merits in the admission or rejection of evidence. Nor do we think there is any inconsistency between the general and special findings of the referee which require notice. On the whole, we are of the opinion that the judgment directed by the referee must be affirmed.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.