Osborn v. Storms.

---

## OSBORN v. STORMS.

65 321·
139 522,

SUPREME COURT.—*Waiver of Error Assigned.*—An assignment of error in the Supreme Court is waived by the failure of the party assigning it to discuss it in his brief..

CONTINUANCE.—*Absent Witness.*—*Diligence.*—A motion for a continuance on account of an absent witness, which affirmatively shows that the applicant has not used due diligence to obtain the attendance of the witness, should be overruled.

REAL ESTATE, ACTION TO RECOVER.—*Improvements.*—*Special Denial of.*—

Osborn v. Storms.

*Demurrer.*—In an action to recover possession of real estate, wherein the defendant answered claiming an allowance for improvements, the plaintiff replied by general denial, and also by a special paragraph averring "that the defendant never made the improvements" alleged "while he was in possession   *   as owner, after he had executed the mortgage under which, upon a sale on foreclosure, the plaintiff claims title and in no other way," etc. *Held*, that such special paragraph is a special denial, and not open to demurrer.

SAME.—*Evidence.—Transcript of Decree of Foreclosure.—Return Day.*—A transcript of such decree of foreclosure and order of sale is competent evidence in such case, though no return day be specified therein, as by law that day is fixed by the day the transcript goes into the sheriff's hands.

SAME.—*Improvements After Sale.*—The defendant in such case can not give evidence of improvements made by him subsequent to the sale of the real estate by the sheriff.

SAME.—*Improvement by Direction of Plaintiff's Attorney.—Agency.—Redemption.*—Evidence that such improvements were made at the request of the plaintiff's attorney, in consideration of an extension of the time of redemption, is incompetent, unless accompanied by direct proof that the attorney had authority to make such request.

SAME.—*Judgment can not be Attacked Collaterally.*—Such decree can not be attacked collaterally by evidence that the plaintiff in the foreclosure suit was not the owner of the note and mortgage sued on by him.

From the Clinton Circuit Court.

*J. C. Suit*, *M. Jones* and *J. L. Miller*, for appellant.

*J. M. Larue*, *F. B. Everett* and *C. E. Lake*, for appellee.

BIDDLE, J.—Complaint to recover the possession of real estate.

The suit was commenced in the superior court of Tippecanoe county, and came by way of change of venue to the Clinton Circuit Court.   Answer:

1. General denial;

2. That the defendant had made permanent improvements on the land, which he offers to set off against the damages.

Reply to second paragraph of answer:

1. General denial;

2. " That the defendant never made the improvements set up in the said paragraph, while he was in possession of

Osborn *v.* Storms.

said premises as owner thereof, after he had executed the mortgage under which, upon a sale on foreclosure, the plaintiff claims title, and in no other way. Wherefore," etc.

A demurrer alleging a want of facts was overruled to the second paragraph of reply, and exceptions reserved.

Trial by jury; verdict for the appellee, that he is owner of the land, and that he recover two hundred dollars damages for its detention.

By a motion for a new trial, overruled, and exceptions, the appellant presents the following questions for our decision :

1. That the court erred in overruling the demurrer to the second paragraph of reply to the second paragraph of answer.

We think not. The paragraph is nothing more than a special denial, and is not open to demurrer.

2. That the Tippecanoe Superior Court erred in refusing to tax certain costs against the appellee, as no damage was recovered on said trial.

The appellant has not debated this point in his brief; it must therefore be held as waived.

3. Overruling appellant's motion to continue the cause, founded upon affidavit.

The term of court at which the trial was had commenced on the 12th day of March, 1877. The trial was commenced on the 3d day of April, 1877, upon which day the affidavit was filed, stating that the witness, whose testimony was sought, resided in an adjoining county, and that he had been subpœnaed on the 2d day of April— the day previous. This shows a lack of diligence. There is no intervening day between the service of the subpœna and the day of trial, and no excuse shown for not having had service sooner.

4. Overruling the objection of the appellant to the introduction of the transcript of a judgment of the Tippe-

canoe Circuit Court, because the seal of the court was not affixed to it.

Two very substantial grounds uphold the court's ruling on this question. No such objection was made to the introduction of the transcript at the trial, and the bill of exceptions shows that it had a seal.

5. Error in admitting as evidence a transcript of a judgment of the appellee against the appellant.

This is the decree of the foreclosure of a mortgage and sale, under which the appellee claims title. The objections made to it were, that it did not issue in the name of the State, was not directed to the sheriff, that there was no command to execute it, and it had no return day, but was simply a copy of the judgment and decree.

It did issue in the name of the State; the law directed it to the sheriff, and commanded him, as also did the words in the decree, to execute it; it needed no return day, that is fixed by the day it comes to hand to be executed; and it was simply the transcript of the judgment of foreclosure of a mortgage and decree of the sale of the mortgaged premises, which, by the statute and numerous decisions of this court, is the proper authority in such cases upon which the sheriff makes the sale. The court did not err upon this question.

6. Error in admitting as evidence two deeds executed by the sheriff under the above decrees. The objections made to them were, that they were " improper, immaterial and irrelevant " evidence. It seems to us that they were proper, material and relevant, and the appellant has shown us no objection to the contrary.

7. The appellant offered to prove that he " had made permanent and lasting improvements on the lands in question, subsequent to the 17th day of January, 1873, the date of the sheriff's sale to appellee, and before the 7th day of April, 1876, the time of the commencement of this action, to the amount in value of thirteen hundred dollars."

This evidence was properly rejected. The appellant could not make improvements on the land after he knew that he had no title, and knew that the appellee had title, and then plead them as a set-off against damages for detaining the possession of the land without title, nor could he give them in evidence at the trial.

8. The appellant offered to prove that the judgment plaintiff in the decree, given in evidence, was not the owner of the note and mortgage upon which it is founded.

This evidence was properly rejected. The appellant has not shown us upon what ground he expected to attack a record in this collateral way, and we know of no such doctrine, but quite to the contrary, namely, that a record, good upon its face, can not be attacked collaterally.

9. The appellant proposed to prove that he offered to make the improvements on the lands by the agreement of the appellee's attorney, upon the condition that he should have one year further time to redeem the lands, and that the appellee knew the improvements were being made.

This evidence was properly rejected. There was no evidence introduced, or offered, tending to show any such authority in the appellee's attorney. The relation of attorney and client would not confer any such authority. Besides, the evidence shows very clearly that the appellant had the land more than a year after the appellee acquired title. The fact that the appellee knew that the appellant was making improvements on the land at the time he held it by color of title, would in no wise bind the appellee to pay for them.

10. The appellant complains of the first, second, third, fifth, seventh and ninth instructions given by the court to the jury.

As those instructions are in harmony with the above rulings, and as we believe we are right in them, the court was right in giving the instructions. For these reasons we do not set them out at length.

11.   The court refused to give a series of instructions asked by the appellant.

As these instructions are all based on the views sought to be maintained by the appellant as above claimed, and as we have held these views to be unsound, it follows that the court did not err in refusing to give the instructions.

12.   That the verdict is not sustained by sufficient evidence.

The ground of this objection taken by appellant is, that the decree upon which the land was sold was insufficient to authorize the sale. We have already held this decree good, and need not therefore notice the question further.

13.   That the verdict is contrary to law.

The ground of this objection is, that the sheriff's return of the sale of the land upon the decree is not sufficient to uphold the title. We have already held the return good, and are not called upon to decide the question again.

We have thus decided the numerous questions presented by the appellant. They are so manifestly without sufficient ground to rest upon, that we do not cite the statutes nor former decisions of this court, in support of the present opinion—especially as the appellant has not cited a single authority in support of his views.

The judgment is affirmed at the costs of the appellant, with ten per cent. damages.