Filed May 26, 1887.

------

No. 12,388.

## HILGENBERG *v.* RHODES ET AL.

TAX SALE.—*Deed.*—*Permanent Improvements.*—*Adverse Title.*—A purchaser of land at a tax sale, who has received a tax deed and taken possession and made permanent improvements, but whose deed is not effectual to convey title, can only recover for such improvements as were made after receiving his deed and before notice of an adverse claim to the land.

SAME.—*Statute Construed.*—*When Recovery Had for Improvements.*—Section 253, of the tax law of 1872, providing that the purchaser "shall be entitled to receive what such improvements are reasonably worth, to be assessed on the trial of said cause," does not fix the cases in which there may be a recovery, but only secures to the purchaser the value of improvements in a case where he is entitled to recover.

From the Marion Superior Court.

*I. Klingensmith* and *W. P. Adkinson*, for appellant.

*J. L. McMaster* and *A. Boice*, for appellees.

ELLIOTT, J.—Hilgenberg obtained a tax deed for the land in controversy in 1875, and, while conceding that the deed is not effectual to convey title, contends that it is effectual to transfer the lien of the taxing power to him, and to invest him with a right to recover the value of permanent improvements put on the land by him. The trial court sustained

his claim to a lien, and gave him part of the sum expended: by him in improving the property. He is not content with the award of a part of the sum expended for improvements, but claims that the entire sum expended should have been awarded him.

The owner of the land, at the time the taxes were assessed,. was a married woman, named Mary A. Day, and it was encumbered by a mortgage executed to Sophia E. Rhodes. The tax sale was made on the 25th day of February, 1875, and the deed executed on the 28th day of February, 1877. Sophia E. Rhodes instituted this suit to foreclose her mortgage, making Hilgenberg a party, and he was served with process on the 22d day of September, 1877. The trial court allowed him for the value of improvements made prior to that date, but refused to allow him for improvements made after that time.

The appellant's counsel quote from section 253 of the tax law, and assert that "this statute means that the holder of such tax deed shall have compensation for all improvements made by him at the date of the trial." This position is not tenable. It was not the intention of the Legislature, in the section of the statute under immediate mention, to give a purchaser at a tax sale a right to have the value of improvements made by him assessed and awarded absolutely and in every case. It certainly would not give a right to recover for improvements made after a proper tender and offer to redeem had been made; for, surely, no one would doubt that if, in defiance of such a tender and such an offer, the purchaser makes improvements, he would not be allowed to recover their value. This illustration is sufficient to prove that the statute can not have such an elastic construction as that claimed for it by appellant's counsel. The provision quoted by counsel reads, the purchaser "shall be entitled to receive what such improvements are reasonably worth, to be assessed on the trial of said cause." This is a provision securing to

the purchaser the value of the improvements in a case where he is entitled to recover, but it does not fix the cases in which there may be a recovery. It does not provide for a recovery in a case where bad faith exists, where there has been a tender and an offer to redeem; nor, indeed, does it prescribe the cases in which there may be a recovery; it simply provides what shall be assessed when the proper case is presented authorizing any assessment.

We do not doubt that, under the provisions of sections 212, 253 and 256 of the tax law of 1872, a purchaser at a tax sale may, as a general rule, recover compensation for improvements made after the expiration of two years from the date of the sale; but there are exceptions to this general rule, as is shown by the illustrations we have already given. In our opinion this case constitutes an exception to the general statutory rule; or, more accurately speaking, is not within the rule. Mrs. Day was a married woman, with a special right to redeem; the fact and the law respecting her right were known to the appellant; suit had been brought to foreclose a lien created by her, to which suit the appellant was made a party; and he was challenged to assert his rights, and notified that they were subordinate to those of the plaintiff in that suit. Under such circumstances, he had no right after notice of the suit to make permanent improvements at the cost of the owner of the land. It was an act of bad faith on his part to persevere after such a challenge and such knowledge. In analogous cases a principle has been often asserted which should control here, and that is, that the claimant can not make improvements on the land after he receives fair notice that he has no title. *Osborn* v. *Storms*, 65 Ind. 321; *Walker* v. *Quigg*, 6 Watts, 87; *Ethel* v. *Batchelder*, 90 Ind. 520. After service of process he proceeds at his peril. *Shand* v. *Hanley*, 71 N. Y. 319; *Wilkinson* v. *Pearson*, 23 Pa. St. 117; *Aurand* v. *Wilt*, 9 Pa. St. 54; *Haslett* v. *Crain*, 85 Ill. 129.

We must accept as trustworthy the evidence approved by

the judgment of the triers of the fact, and as that evidence sustains the finding, we must treat as a correct conclusion on the facts that approved by the trial court. *Julian* v. *Western Union Tel. Co.,* 98 Ind. 327 ; *Binford* v. *Adams,* 104 Ind. 41.

