# JOSEPH BEATTY v. W. F. HAMILTON ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 13, 1889—Decided May 27, 1889.

1. When a judgment in ejectment has been entered in favor of the plaintiff, to be released on payment of a sum certain on or before a specified day, time is of the essence of the contract, and if the money be not paid on or before the day, the judgment becomes absolute and indefeasible.
2. Counsel for the plaintiff has no power, in such case, to extend the time of payment, without express authority to do so from the plaintiff; nor has the court authority to interfere, after the judgment has become absolute by the defendant's neglect to pay within the specified time.

Before Paxson, C. J., Sterrett, Green, Clark and McCollum, JJ.

No. 50 January Term 1889, and No. 3 July Term 1889, Sup. Ct.; court below, No. 76 March Term 1885, C. P.

On December 1, 1869, Dr. William F. Hamilton and L. Louisa Hamilton, his wife, by written articles of agreement, sold a house and lot, belonging to Mrs. Hamilton, to Joseph Beatty, for $2,100, payable $100 down and $666.66 the first day of April of each year thereafter until paid. Beatty took possession and paid part of the purchase money, but failed to pay subsequent instalments as they became due. On December 26, 1884, Hamilton and wife, in the right of the wife, brought an action of ejectment against Beatty to enforce the payment of the balance of the purchase money. After issue joined, the case was called on May 21, 1888, and by agreement of counsel a conditional verdict was entered in favor of the plaintiffs for the premises in dispute, to be released on the payment by the defendant of $2,826.77, in 90 days thereafter, the plaintiffs to file a warranty deed, etc.

On August 7, 1888, the plaintiffs filed a deed, in accordance with the verdict, and on September 6, 1888, had judgment entered on the verdict.

On September 18, 1885, the plaintiffs applied to the court

for a writ of habere facias, which was ordered and duly issued. The defendant then filed a petition, upon which a rule was granted to show cause why the writ of habere facias should not be stayed, and why the plaintiffs should not be compelled to accept the amount of the verdict, with interest and costs, or why the verdict should not be amended by a clause providing that on failure by the defendant to pay the said sum within 90 days, the premises should be sold and proceeds paid to the plaintiffs and defendant, as to right and justice should belong.

Depositions taken by the parties were filed, and after argument, the court, INGHRAM, P. J., on September 26, 1888, filed the following opinion :

This action of ejectment was brought to enforce the payment of purchase money, and when the case was tried on May 21, 1888, a verdict was rendered by agreement of parties as follows : " We find for the plaintiffs for the premises described in the writ, to be released on the payment by the defendant to the plaintiffs of the sum of $2,826.77 in 90 days from this date ; the plaintiffs to file in the prothonotary's office a general warranty deed, conveying said premises to the defendant clear of all incumbrances."

The plaintiffs' deed to the defendant, which seems to be satisfactory, as no objection has been made to it, was filed in the prothonotary's office on August 7, 1888, within the time fixed by the verdict ; but the defendant has failed to comply with the terms of the verdict by paying the amount thereof within the time required ; and we are now asked, although the 90 days have passed, to require the plaintiffs to accept the amount of the verdict, interest and costs.

Have we the power to do this ?   It has been repeatedly ruled that when a judgment in ejectment is entered by agreement of the parties, to be released on the payment of a certain sum on or before a certain day, " time is of the essence of the contract," and if the money is not paid on or before the day, the judgment becomes absolute and indefeasible : Gable v. Hain, 1 P. & W. 264 ; Chew v. Phillippi, 32 Pa. 205.

But the defendant claims that the counsel for the plaintiffs agreed to extend the time for the payment of the money beyond

Arguments.

that fixed by the verdict, and that he was misled by this agreement. This, the counsel for the plaintiffs denies, and says he never agreed to extend the time, but that he did agree that he would not proceed further in the matter until directed by the plaintiffs. If the counsel for plaintiffs had so agreed, without authority from the plaintiffs, and it is not claimed that he had such authority, would the defendant be in any better situation? We think not. It cannot be doubted that the plaintiffs may extend the time, but can his counsel without express authority from him do so? We have not been able to find any case that goes so far as to say that he can; but on the other hand, it is held in Gable v. Hain, supra, "if the plaintiff had accepted the money after the stipulated time, it would have amounted to a waiver; not so with respect to its receipt by the attorney, whose power only extended to issuing a habere facias to obtain the fruits of the judgment."

After a judgment has become absolute and indefeasible by the neglect or refusal of defendant to pay the amount within the time required by the verdict, the court has no power to interfere in the matter, whatever they might have been able to do had application been made before the time fixed for payment had passed. Under the evidence submitted in this case, we are of the opinion that the defendant is not entitled to the relief asked for.

A final order having been entered discharging the rule and dismissing the petition, the defendant took a writ of error to No. 50 January Term 1889, and an appeal to No. 3 July Term 1889, assigning in each the order discharging the rule, etc., as error.

*Mr. Edward Campbell,* for the plaintiff in error.

Counsel cited: Webster v. Webster, 53 Pa. 161; Creigh v. Shatto, 9 W. & S. 82; Hewitt v. Huling, 11 Pa. 27; Brawdy v. Brawdy, 7 Pa. 157; Dixon v. Oliver, 5 W. 509; Connolly v. Miller, 95 Pa. 513; Walker v. France, 112 Pa. 203.

*Mr. S. E. Ewing,* for the defendants in error.

Counsel cited: Pott's App., 5 Pa. 502; Chew v. Phillippi, 32 Pa. 205; Campbell's App., 29 Pa. 401; Rowland v. Slate, 58 Pa. 196; Huston v. Mitchell, 14 S. & R. 307.

Decision of Court below.

PER CURIAM:

This case is affirmed upon the opinion of the learned judge of the court below.

Decree affirmed.