Kokomo Strawboard Company, Respondent, *v.* Horace Inman et al., Appellants.

Plaintiff entered into a contract with defendants to furnish to them during the year 1888, 1,200 tons of strawboard on "ninety days acceptance from date of invoice." Plaintiff made deliveries under the contract, for which it received defendants' notes, payable in ninety days, in lieu of acceptances. Defendants failed to pay some of the notes at maturity and neglected to give other notes or acceptances for strawboard delivered. *Held,* that defendants' default in payment constituted a breach of the contract and plaintiff had a right to treat it as terminated and to maintain an action to recover for the deliveries made; that the provision of the contract that plaintiff would receive ninety days acceptances merely extended the time of payment for that length of time.

Upon the trial plaintiff rested without offering to surrender the notes received by it. Defendants moved to dismiss the complaint "because of a variance between the allegations of the complaint and the plaintiff's proofs," which motion was denied. *Held,* that the ground assigned did not present the point as to the omission to surrender the notes and was too general to be available here.

Before the case was closed plaintiff surrendered the notes. *Held,* that if error was committed in refusing to nonsuit, the defect having been subsequently supplied, it was not a ground for reversal.

(Submitted May 4, 1892; decided May 31, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 24, 1890, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Smith & White* for appellants.

*William Ford Upson* for respondent.

Parker, J. This action was brought to recover the value of a quantity of strawboard delivered to the defendants, pursuant to the terms of a contract which, by reason of an alleged failure of performance on their part, the plaintiff elected to treat as rescinded.

The contract was as follows:

"Kokomo, Ind., *Nov.* 9, 1887.
"Horace Inman, Esq., Amsterdam, N. Y.:

"Dear Sir — We propose to furnish you with 1,200 tons strawboard at thirty-one dollars per f. o. b. cars here, your ninety days' acceptance from date of invoice.

"These boards to be shipped during the year 1888. This contract shall be considered binding, barring accidents, and take the place of all previous contracts with the Ohio Strawboard Co.

"All boards to be of No. 1 quality.

"Yours truly,
"KOKOMO STRAWBOARD CO.
"M. Seiberling, *Superintendent.*

"Accepted: Horace Inman.

"P. S. All boards shipped this year to apply on above."

Subsequently the plaintiff, pursuant to the terms of the contract and at different dates, delivered to the defendants large quantities of strawboard, the defendants giving and the plaintiff receiving defendants' notes, payable in ninety days, in lieu of acceptances.

The plaintiff alleges that after it had delivered a considerable portion of the strawboard called for by the contract, the defendants were guilty of a breach of it, in that they failed to pay some of the notes at maturity and neglected to give other notes or acceptances for about eighty-eight tons of strawboard.

The referee found "that the boards shipped by the plaintiff to the defendants were in substantial compliance as to time and quality with the terms of the contract." With reference to the alleged breach of the contract on the part of the defendants, he found among other things, that a note maturing July 5, 1888, for $1,054, was protested for non-payment, and has not since been paid; that a note for $658.75, which became due July 20, 1888, was also protested, and still remains unpaid.

On the trial the plaintiff surrendered (up) notes aggregating $3,393.85 of principal, which had been received in lieu of acceptances.

From the fifth to the twentieth of June, inclusive, the plaintiff delivered to the defendants eighty-seven tons of strawboard, for which the " defendants promised to give their notes, as they had for other shipments, but have failed and neglected to do so, and have not paid for any portion of the same."

It was also found that at the urgent solicitation of the defendants and under the belief that an amicable adjustment would be had, the plaintiff shipped one other ton of strawboard, making in all eighty-eight tons received by the defendants, for which neither notes nor acceptances were given.

The referee has fully supported his findings in an opinion which carefully considers the testimony before him, and they met with approval at General Term.

His findings justified the conclusion reached that there was a breach of the contract on the part of the defendants, for not only had they failed to give acceptances as provided by the contract, or notes in lieu thereof, but had also neglected to make the necessary payments.    The effect of the provision in the contract, that plaintiff would receive defendants' acceptances for ninety days from date of invoice, operating merely to extend the time of payment for that length of time.    (*Jagger Iron Co.* v. *Walker*, 76 N. Y. 521.)

And default in payment constitutes a breach of contract. (*Barnes* v. *Denslow*, 30 N. Y. S. R. 315 ; *Winchell* v. *Scott*, 114 N. Y. 640 ; *Flaherty* v. *Miner*, 123 id. 382–389.)  After the breach of the contract by the defendants the plaintiff had the right to treat, as it did, the contract as terminated, and bring this action for the value of the strawboard furnished. (*Mead* v. *Degolyer*, 16 Wend. 638 ; *Ladue* v. *Seymour*, 24 id. 60–62 ; *Jones* v. *Judd*, 4 N. Y. 411.)

This brings us to a consideration of the grounds specially assigned by the appellant as cause for reversal.

The defendants contended on the trial that the plaintiff had

failed to perform on its part, prior to the date of the protest of the note first maturing, by neglecting to honor an order by the defendants for 100 tons of strawboard given on the 9th day of November, 1887.

The referee was requested to find that such an order was given, and to his refusal an exception was taken. Appellants now insist that this ruling was error because wholly without evidence to support it.

The defendant Inman testified that he verbally gave the order for 100 tons on the ninth day of November. The referee refused to credit his testimony in such respect, and the question now is, whether there is any evidence to support his ruling.

One Williams, a representative of the plaintiff, and who had charge of the orders received and the directions for shipment, testified that the number of tons of strawboard ordered prior to the default on the part of the defendants was 438, while the number of tons shipped during that period was within five tons of the quantity ordered. He also testified that the orders given for the 438 tons were in writing. He was further asked:

" Q. Do you know whether the defendants, or either of them, gave the plaintiff any orders between November 9, 1887, and July 1, 1888, for strawboard, which are not in writing? A. Do you mean that outside of the written orders we have, that there is any order to correspond with the verbal order; no, sir; we received none.

" Q. You are sure of that? A. Yes, sir.

" Q. You know that of your own knowledge? A. Yes, sir; I know it."

A further discussion of the evidence in this connection is unnecessary, for that so far alluded to shows that the refusal to find, of which complaint is made, had evidence to support it.

Appellants also insist that the plaintiff having rested its case without surrendering the notes, the court erred in denying a motion to dismiss the complaint.

The ground of nonsuit which it is claimed presented the point, asked for a dismissal of " the action because of a variance between the allegations of the complaint and the plaintiff's proofs."

When the plaintiff rested its case nothing remained for it to do but surrender the note in order to fully establish the cause of action pleaded, and the ground assigned for dismissal did not call the attention of the court to the point now made. If it had the other party might have supplied the defect, and in default of such action on its part the court could have intelligently passed upon it. It was, therefore, too general to be made available in this court. ( *Webb* v. *Odell,* 49 N. Y. 583.)

Before the case was closed the plaintiff surrendered the unpaid notes in open court, so, if error was committed in refusing to nonsuit, the defect in the proofs having been subsequently supplied, a reversal will not be allowed. (*Schenectady & Saratoga P. R.* v. *Thatcher,* 11 N. Y. 102; *Dean* v. *Corbett,* 19 J. & S. 108.)

The other matters discussed by the appellants have no other purpose than to convince the court that the referee erred in his findings of fact touching the default of the defendants, and the alleged breach of the contract on the part of the plaintiff. But those findings are not reviewable here, and need not be considered.

The judgment should be affirmed.

All concur.

Judgment affirmed.