### WILLIAM H. MASON v. EDWARD THOMPSON COMPANY.[1]

May 12, 1905.

Nos. 14,234—(34).

**Rescission of Contract.**

A party to a contract in default in the performance on his part of the terms and provisions thereof has no right, as a matter of law, while so in default, to rescind the contract for the failure or refusal of the other party to perform.

**Attorney and Client.**

The general rules and principles of the law of principal and agent apply to the relation of attorney and client, where the employment of the at-

[1] Reported in 103 N. W. 507.

torney is for the purpose of collecting claims due the client. In such case the attorney has no implied authority to extend the time of payment of claims in his hands for collection.

**Foreign Corporation—Action on Foreign Contract.**

Chapter 69, p. 68, Laws 1899, prescribing conditions on which foreign corporations may do business in this state, does not prohibit such corporations from maintaining actions in the courts of this state founded upon contracts made in other states.

**Findings—Evidence.**

The findings of the trial court *held* not sustained by the evidence, in the respects stated in the opinion, and the judgment appealed from is reversed.

Action in the municipal court of St. Paul to recover $463 for breach of contract. Defendant interposed a counterclaim for $63 upon promissory notes given by plaintiff pursuant to the contract. The opinion states the facts. The action was tried before Hine, J., who found in favor of plaintiff for $181 and interest. From a judgment entered pursuant to the findings, defendant appealed. Reversed and new trial granted.

*J. F. Hilscher,* for appellant.

*E. R. Wakefield* and *W. H. Mason,* for respondent.

BROWN, J.

The facts in this case are as follows: Defendant is a corporation, created and doing business in the state of New York, and engaged in publishing the American & English Encyclopædia of Law and the Encyclopædia of Pleading & Practice. On June 14, 1899, plaintiff, who then resided in the state of Kansas, entered into a contract with defendant for the purchase of the above-named works. At the time the contract was entered into, quite a number of the volumes of each work had been published and were ready for delivery, and were thereafter, under and pursuant to the contract, delivered to the plaintiff at his residence in Kansas, in payment for which plaintiff made and delivered to defendant certain promissory notes of five dollars each, payable monthly thereafter. For the subsequent volumes he agreed to pay defendant the stipulated price upon delivery. Several volumes were thereafter issued and delivered to plaintiff, and he paid for them, but

is in default in the payment of the promissory notes given for the volumes delivered at the time the contract was made.

Plaintiff subsequently removed from Kansas to St. Paul, this state, leaving the books so purchased from defendant with a third person at his place of residence in Kansas. The promissory notes were subsequently sent to defendant's attorney at St. Paul for collection, and plaintiff made a few payments thereon. The last two volumes of the Encyclopædia of Law and the last three volumes of the Encyclopædia of Pleading & Practice were never delivered to the plaintiff, and for the failure of defendant to deliver them plaintiff, on April 17, 1901, gave notice to defendant that he rescinded the contract, and demanded that defendant refund to him the total amount he had paid on his contract for the books, viz., $181, notifying defendant at the same time that the books already delivered were at his residence in Kansas, subject to its order. Defendant refused to refund the money on this demand, and plaintiff brought this action in the municipal court of St. Paul to recover the same. The court below found the facts in plaintiff's favor, and ordered judgment for the amount claimed, with interest, from which defendant appealed.

1. We are of opinion that the judgment appealed from must be reversed. It is undoubtedly true that the failure or refusal of one party to perform an executory contract constitutes legal justification for the other to rescind the entire contract and demand to be restored to his former position. But the law is well settled that the right to rescind on the ground of failure of performance belongs to the party who is himself without fault. Even though he has sufficient grounds for rescission, if he has done some act which justifies the other party in refusing or delaying performance, or has failed to perform his own part of the contract, the right to rescind does not exist. 24 Am. & Eng. Enc. (2d Ed.) 647; Graf v. Cunningham, 109 N. Y. 369, 16 N. E. 551; Wright v. Reusens, 133 N. Y. 298, 31 N. E. 215; Myers v. Gross, 59 Ill. 436; Hatton v. Johnson, 83 Pa. St. 219. There is no controversy in the evidence in the case at bar upon the question whether plaintiff was in default of his payments at the time he attempted to rescind the contract. Several promissory notes given by him for the books at the time the contract was entered into were then overdue and unpaid. These notes were not given in discharge of the contract of purchase,

but were a part thereof. They were but evidence of the debt created by the contract, and a failure to pay them was a breach of its terms. The contract will justify no other construction. It expressly provides that, in case of a failure of plaintiff to meet any one of the notes at maturity, all remaining unpaid notes shall immediately become due and payable, and that the company may retake all books previously delivered, title to which is, by the terms of the contract, reserved in the company until the purchase price thereof is fully paid. So the notes and the stipula-. tion for their payment are constituent parts of the whole contract, and should be construed together.

2. Plaintiff seeks to avoid the principle of law just stated on the theory that just prior to the date on which he attempted to rescind the contract the time of payment of the overdue notes was, by an agreement with defendant, extended, and that on the date of the letter announcing his rescission he was not in default in any of the payments previously due. The trial court found in favor of this contention, but our examination of the evidence leads to the conclusion that the finding is not sustained. The agreement relied upon is founded upon a conversation with the attorney of defendant who had the notes for collection. There was no evidence that the attorney was clothed with any general power to act for defendant, and it was not shown that he had authority to grant an extension of the time of payment. It is thoroughly settled that the general rules and principles of the law of principal and agent apply to the relation of attorney and client where the attorney is acting in the capacity of collector, though his powers and authority are materially extended when employed to manage and conduct litigation. When employed to collect a debt, he has no authority in excess of that of an ordinary agent. 4 Cyc. 932, and cases cited. He has no implied power to grant additional time to his client's debtor. Lockhart v. Wyatt, 10 Ala. 231; Nolan v. Jackson, 16 Ill. 272; Osborn v. Storms, 65 Ind. 321; Beatty v. Hamilton, 127 Pa. St. 71, 17 Atl. 755. There being in the case at bar no evidence of authority in the attorney to extend the time of payment, the trial court erred in finding that an extension had been granted.

But, in any event, the evidence is far from showing an agreement on the part of the attorney to extend the time of payment, conceding that he had authority to grant it, and conceding further that there was

a sufficient consideration to sustain it. The only agreement shown appears to have been the result of a conversation with the attorney of defendant in which plaintiff stated to the attorney that he was short of money at the time, but would pay occasionally as he received his wages; to which the attorney replied, "That will be all right." This was not, as a matter of fact, an extension of time; and was evidently not so understood by either party, for, notwithstanding the conversation, the attorney continued to press plaintiff for the payment of his overdue notes. The test in determining whether a valid extension of the time of payment was made is whether, if an action had been brought to recover upon one of the notes, the extension could have been pleaded as a defense. The conversation relied upon in this case was clearly insufficient for that purpose. It was, at most, a mere indulgence, and insufficient to relieve plaintiff from his default.

3. And again, it is clear that plaintiff failed to show any right of rescission, independent of the fact that he was not in a position to rescind. His right to rescind was based upon an alleged refusal of defendant to perform the contract on its part in failing to deliver the subsequently issued volumes of the work. This would, if true, give rise to a right of rescission. But there is no evidence in the record of a refusal on the part of defendant to carry out the contract. No demand for performance was made by plaintiff, and the record discloses no refusal on its part to deliver the subsequently issued volumes. The demand made upon the attorney who had the notes for collection was wholly ineffectual for any purpose. The contract for the delivery of the books was made in Kansas, where plaintiff resided, and they were to be delivered to him at that place. He had removed from his home in that state to St. Paul, and this, coupled with his default in the payment of the notes given for the books, clearly justified defendant in delaying further deliveries to him; and its failure to deliver them did not, under the circumstances shown, give plaintiff the right to rescind. Robson v. Bohn, 27 Minn. 334, 7 N. W. 357; Kokomo v. Inman, 134 N. Y. 92, 31 N. E. 248.

4. In view of a possible new trial, it not being a case in which it is proper to order final judgment, we deem it advisable to consider one other question presented in the record. Defendant pleaded as a counterclaim in this action the unpaid notes given by plaintiff for the books.

At the trial plaintiff moved for judgment on the pleadings, so far as the counterclaim was concerned, on the ground that defendant was a foreign corporation, and had not shown a compliance with chapter 69, p. 68, Laws 1899, prescribing conditions on which foreign corporations may do business in this state. The court granted the motion, and in this we think it erred. In the first place, defendant, respecting the transaction involved in this case, was not doing business in this state within the meaning of the statute. The contract made the basis of plaintiff's action, and also of the counterclaim, was entered into in the state of Kansas, and defendant was not required, as a condition precedent to the right to bring suit in this state to enforce it, to comply with the terms of the statute referred to. That statute was not intended to prohibit foreign corporations not doing business in this state from maintaining actions or interposing defenses in the courts of this state founded on contracts made in another jurisdiction. It refers and was intended to apply solely to foreign corporations doing business within our borders, and not to corporations doing business elsewhere and seeking to enforce their contracts in our courts. The right of such corporations to sue in this state is granted as a matter of comity between states, which the legislature did not intend to abrogate by this statute. In the second place, the courts should have presumed that defendant had fully complied with the provisions of the statute on this subject, if compliance therewith was necessary, as held in Lehigh Valley Coal Co. v. Gilmore, 93 Minn. 432, 101 N. W. 796.

Judgment reversed and new trial granted.