JOHN R. CLEVELAND

*vs.*

THE CITY OF ST. PAUL.

An excavation and embankment across the road-way of a public street opened and graded, in St. Paul, left at night without guard, protection or light, is a nuisance.

By the charter of the city of St. Paul, the city is required to cause all streets which may have been opened and graded, to be kept open and in repair, and free from all nuisances. Under such charter the city is liable for an injury to any one, without fault on the part of the person injured, occasioned by an excavation in the street left at night without guards, protection or light, if the excavation was made by the city, or with its permission actual or implied; or if, being done by a wrong-doer, the city had actual or constructive notice of the same in time to have protected it, and neglected to do so.

An obstruction in a street so open, notorious and dangerous, and continued so long that the city authorities might know its existence in time to protect against it, or remove it, is constructive notice of its existence.

Certain facts considered with reference to their sufficiency to constitute constructive notice to the city of an obstruction in the street, and determined to be sufficient for that purpose.

Plaintiff brought this action in the court of common pleas, Ramsey county, to recover damages for an injury occasioned by the fall of his horse into a ditch or excavation on Third street in said city, on the night of the 20th of July, 1870. Issue was found and the cause tried by the court without a jury. The facts as found by the court are substantially as follows :

The defendant is a duly incorporated municipal corporation,

and Third street is a duly opened and graded street, and the principal street or thoroughfare in said city. Leahy & Co., under a contract with the Pioneer Printing Company to introduce water into its building, and with authority from the St. Paul Water Company to connect with its main pipe running along Third street, made the excavation during the day of said 20th July, and the same was left at night without guard, protection or light. "The excavation was of such a nature as to be open to public observation. The day policeman of the district saw the men engaged at the work during the day, and the night policeman saw it in the condition in which it was left," and several times between seven o'clock P. M., and the occurrence of the accident. The plaintiff was ignorant of the existence of such excavation, and unable to distinguish the same, owing to the darkness of the night, and while carefully driving up said street on the night of said 20th July, his horse fell into the excavation, sustaining injuries, &c., to the amount of $288. "That such accident occurred, and such damage resulted from there being no guards or lights to warn passers-by of the existence of such excavation, and the necessity of avoiding the same."

As a conclusion of law, the court found that the plaintiff was entitled to judgment, and the same was entered accordingly, and the defendant appeals therefrom to this court.

W. A. GORMAN, for Appellant.

The facts as found by the court do not justify the judgment and conclusion of law. In this, to-wit:

1st. The defendant, the city of St. Paul, is not responsible to the plaintiff for injuries received by him, through the negligent acts of a stranger. *Blake vs. Ferris*, 1 *Selden*, 48; *Pack*

*vs. City of New York,* 4 *Selden,* 222, *and cases there cited.* Also 1 *Kernan,* 442 ; *Storrs vs. City of Utica,* 17 *N. Y.* 104.

2d.   The defendant did not contract with, or employ Leahy & Co. to put in the water pipes, but they acted under a contract with the Pioneer Printing Co., and made the excavation to connect with the main pipes of the water company, which latter is an independent corporation.   Hence the defendant is not liable.   *Pack vs. City of New York,* 4 *Selden,* 222.

No matter what duty was imposed on the defendant, the city had no notice of the excavation being in a dangerous condition.   A night policeman saw the excavation at a little after 7 P. M., and the accident occurred to plaintiff at 10 P. M. same night, as found by the court.   If such was notice, it gave no reasonable time to defendant to avoid the accident.   The city is not liable for a nonfeasance or misfeasance committed by an independent corporate officer ; e. g., for the omission of a duty specially imposed by a statute on one of its officers. The relation of master and servant does not exist between the corporation and officers, there being no duty imposed on the city where the act causing the injury was done by a stranger. 1 *Hill,* 545, and same authorities heretofore cited.   As to notice, see 5 *Selden,* 456 ; 36 *Barb.* 226 ; 1 *Disney, Ohio Rep.* 532 ; 51 *Maine,* 532 ; 1 *Allen, Mass. Rep.* 172.

It is no part of the duty of a policeman to remove obstructions of streets, but his duty is solely to arrest and bring to punishment those who violate the city ordinances.   See *Nuisance Ordinance in Rev. Ordinances, page* 267. . Notice must be given to those whose duty it is to apply a remedy.   5 *Boswell,* 497.

Leahy & Co. was in no sense the agent of the defendant, nor was the Pioneer Printing Co. the agent of the defendant ; hence the principle of " *respondeat superior* " in no way applies

to the defendant in this case.    1 *Selden*, 48 ; 4 *Selden*, 222, *and cases there cited ;* 3 *Minn.* 297.

If the city had undertaken to construct this excavation, the responsibility would have been on it to keep it safe for travel, and to take such necessary precautions as may prevent accident, and the principles as laid down in the case of Storrs vs. City of New York, would then apply.    17 *N. Y.* 104.

The water company having independent corporate powers, had a right to grant to the Pioneer Printing Co. or to Leahy & Co. leave to connect with their main water pipes, and to do so, involved the necessity to dig the said ditch from one side of the street to the other.    And the city has no power to prevent or control the plumbing and ditching necessary thereto.    3 *Minn.* 297.

*See Charter of St Paul Water Co., Rev. City Ord., pages* 157, 162, 165, 167, 171, 173, 176.

C. K. DAVIS, for Respondent.

I.    The only ground upon which the judgment in this case can be questioned is, that the conclusions of law are not deducible from the facts as found by the court.

It is charged in the complaint, as the basis of our cause of action that by the appellant's charter it is made appellant's duty to keep the streets "open and in repair, and free from obstruction, and to prevent the encumbering thereof with any material or substances whatever ; to remove and abate obstructions upon any of said streets, and generally to keep and maintain such streets in a safe condition for travel."

*See p.* 71; *Sp. Laws* 1868 ; *p.* 74, *id.*; *p.* 87, *id.*

That such were the appellant's duties, the answer expressly admits.

The complaint then goes on to charge, 1.    That the appel-

Cleveland v. The City of St. Paul.

lant caused and permitted the excavation and embankment to be made ; and, 2d.  That it carelessly and negligently suffered it to remain open, without any protection or notice ; and 3d, That it permitted the embankment to remain on and across the street, without any protection or notice ;—all with full notice and knowledge, by the appellant of those facts.

If the appellant did or suffered any of the acts charged as above, it is liable to any citizen who is injured in his person or property thereby.

When an obligation of this nature is imposed upon a municipal corporation, any failure by it to perform this obligation is negligence *per se*, and renders the corporation liable.

*West vs. Brockport,* 16 *N. Y.* 161, *note ; Conrad vs. The Trustees of the Village of Ithica,* 16 *N. Y.* 158.

These cases make the duty of the city one of contract obligation.  Hence, whether or not the city had notice of the defects in the highway, is not material.

II.  The case of *Blake vs. Ferris,* 1 *Selden, p.* 48, cited by appellant, did not involve the principle upon which this suit is based.  The same remark is true of the cases cited from *Selden* and *Kernan.*  The case of *Storrs vs. The City of Utica,* 17 *N. Y.* 104, is directly in our favor.

We have assumed that notice of these defects is not necessary to be shown in cases like this.  The city is by its charter, under a perfect contract obligation.  But it is not necessary to rest upon this point, for the court has found that the day policeman saw the excavation while it was being made, and that the night policeman saw it several times, from seven of the clock in the evening down to the time when the casualty occurred.  This was sufficient notice.  The court further finds that this excavation was of such a nature as to be open to public observation.  It is negligence on the part of the city

not to know the existence of this nuisance under such circumstances.

III.    The fact that this obstruction was caused by Leahy & Co., under their contract with the printing company, cannot exonerate the appellant.    The rights of the water company are not involved in this discussion, because it is not pretended that it was doing this work.

Independently of these considerations, it was the duty of the city, when the workmen ceased labor for the day, and left the work in this condition, to have taken precautions, by lights and guards, to protect the public from casualty.    The charter of the city provides, *p. 87, Sp. Laws* 1868), " The common council shall have the care, supervision and control of all public highways, bridges, streets, * * * * within the limits of said city, and *shall cause* all streets which may have been opened and graded *to be kept open* and in repair and *free from nuisance.*"

The obstruction which caused this injury was, in the condition in which the workmen left it, unquestionably a nuisance, within the most technical definition of the word.

*By the Court.*—McMILLAN, J.—It is not and cannot be disputed that the ditch and embankment made across Third street, the principal thoroughfare of the city of St. Paul, left in the condition it was at the time of the injury complained of, without guard, protection or light, was a nuisance.

The important question seems to be whether the defendant is responsible for its existence, and liable to the plaintiff in this action for the injuries occasioned by it.

From the finding of the court it appears that, "this excavation was made by a firm doing business as plumbers in said city of St. Paul, under the name of Leahy & Co., and was made by them for the purpose of furnishing with water a building

Cleveland v. The City of St. Paul.

situate on the corner of Third and Robert streets, and occupied by the Pioneer Printing Company, by running pipes into said building and connecting same with the main pipe of the St. Paul Water Company running along Third street. Said Leahy & Co. acted under a contract with said printing company, and had authority from said water company to connect with their main pipe as aforesaid. The St. Paul Water Company is a corporation created under the laws of this state, for the purpose of introducing water into the city of St. Paul, and furnishing the same to the inhabitants thereof."

The authority from the water company to Leahy & Co., to connect with their main pipe was not intended by the water company to make Leahy & Co. their agents in making this connection with the main pipe, for it appears as a part of the same finding that Leahy & Co., in making this connection with the main pipe acted under a contract with the Pioneer Printing Company. The authority from the water company was a mere license to Leahy & Co. to use the property of the water company, that is to make this connection with its main pipe. The water company, therefore, was in no way connected with the making of the ditch and embankment, and we are not called upon to consider or determine any questions arising out of the relations of the water company and the city to each other, but are to consider this case entirely irrespective of the rights or liabilities of the water company under its charter.

The act incorporating the defendant provides as follows: "The common council shall have the care, supervision and control of all public highways, bridges, streets, alleys, public squares and grounds within the limits of said city, and shall cause all streets which may have been opened and graded, to be kept open and in repair and free from nuisances." *Charter, ch.* 7, § 1. (*Sp. L.* 1868, *p.* 87.)

Third street at the time of the accident had been duly open-
ed and graded by said city, and for a number of years has
been much used and traveled upon, and more used and travel-
ed upon than any other street or thoroughfare in said city, by
citizens of said city and others.

There is no doubt that Third street at the time this accident
happened came within the provisions of the section of the
charter above quoted. What then was the extent of the duty
resting upon the city to keep it in repair and free from nui-
sances? We understand the plaintiff's attorney to maintain
the position that the duty thus imposed is absolute and uncon-
ditional; that any failure to perform it is negligence *per se*,
and renders the corporation liable, whether or not the city
had notice of the defects in the highway. We do not think
the authority cited by the plaintiff goes to the extent of the
position stated.

There may be instances in which municipal corporations are
by express statute made absolutely liable in damages for all
injuries occasioned by any want of repair, or by any obstruc-
tion or defect of highways under their supervision and con-
trol, but in the absence of such express provision, the gener-
al rule, we believe, is that " a municipal corporation charged
with the duty of keeping its streets in repair, and of exercis-
ing a general oversight in regard to their condition and safe-
ty, is bound to maintain them free from all defects or obstruc-
tions which by the use of ordinary vigilance and care it
can detect and remove." *Shearman & Redfield on Neg.*, § 149;
*See also Sections* 146–148; *Mayor of New York, vs. Furze*, 3
*Hill*, 612; *Hudson vs. the Mayor &c. of New York*, 9 *N. Y.* 163,
*and authorities cited*; *Mayor vs. Sheffield*, 4 *Wallace*, 189—195.

But we are fully satisfied that within this rule, upon the
facts appearing in this case, the defendant is liable in this
action.

Cleveland v. The City of St. Paul.

We need not stop to inquire, whether the fact that the day and night police officers were aware of this obstruction in the street, would, under all the circumstances, constitute express or actual notice of the obstruction to the city; however that may be, this, together with the other facts found by the court, show an obstruction in the most prominent thoroughfare of the city, so open, notorious and dangerous, and continued for such length of time, that the city authorities with reasonable diligence might have known its existence in ample time to have secured it with sufficient guards and light to have protected travelers against it. The city must, therefore, be held to have had, at least, constructive notice of this obstruction in the highway. *Shearman & Redfield on Neg.*, § 148; *Hart vs. City of Brooklyn*, 36 *Barb.* 226.

Being thus chargeable with notice, it is a matter of no importance whether we consider Leahy & Co. or the Pioneer Printing Company as having created this obstruction in the street, with the permission of the city, for a lawful purpose, or as having done it as a mere wrongdoer. If either did it *with permission* of the city, the city was conclusively chargeable with notice, and required to see that it was properly secured and protected with guards and light; if either did it as a mere wrongdoer, the facts show constructive notice of the defect or obstruction to the city, in time to have secured it in the same manner, and imposed upon the city the obligation of sufficiently securing and protecting it. *Shearman & Red. on Neg.*, § 147. Having permitted this obstruction to remain during the night without guard, protection or light, whereby the plaintiff without negligence upon his part suffered the injury complained of, the city is liable.

Judgment affirmed.