# Robert A. Moore

*vs.*

## The City of Minneapolis.

The City of Minneapolis, by the terms of its charter, is charged with the duty of keeping its streets and sidewalks in repair, and of exercising a general oversight in regard to their condition and safety, and is therefore bound to maintain them free from all defects and obstructions, which, by the use of ordinary vigilance and care, it can detect and remove.

When a defect exists in a sidewalk, which defect was not occasioned by the city or with its permission, in order to make the city liable for personal injuries to the plaintiff by reason of such defect, on the ground of negligence in not repairing the same, it must appear that the city had actual or constructive notice of the defect in time to have repaired it, or protected passers-by against it, before the accident.

The existence of a defect in the sidewalk of a prominent thoroughfare of a city for a long time, (some months,) previous to the accident, is constructive notice of the defect to the city, and the omission to repair it, or protect passers-by against it, is negligence on the part of the city.

The plaintiff brought this action in the district court for Hennepin county to recover damages for injuries occasioned, as he claimed, by his stepping into a hole in the sidewalk on Hennepin avenue, in the city of Minneapolis, while walking on said sidewalk on the night of the 11th of March, 1871. At the trial there was conflicting evidence as to whether the plaintiff's injuries were really occasioned by his stepping into the hole, and as to how long the defect in the sidewalk had existed. It did not appear that the defect had

ever been brought to the actual knowledge of the defendant or any of its officers or servants. The jury found a verdict for the plaintiff, and the defendant appeals from an order refusing a new trial.

A. N. MERRICK, for Appellant.

J. B. GILFILLAN, for Respondent.

*By the Court.*—MCMILLAN, J.—This is an action brought by the respondent to recover damages for a personal injury occasioned by his stepping into a hole in the sidewalk on a public street within the city of Minneapolis.

The defendant is a municipal corporation, and by its charter has the exclusive care, supervision and control of all the highways and streets within the limits of the city. *Sp. L.* 1867, *ch.* 19, *sub. ch.* 6, §§ 1, 2. The grades of the streets and sidewalks, etc., are to be established by the city council, and whenever the common council deem it necessary to construct or repair any sidewalk in the city, they are to require the street commissioner to notify all owners and occupants of lots and lands adjoining such sidewalk to construct or repair the same at his or their own proper expense and charge, within a certain time designated by a notice published in the official paper of the city for not less than two weeks, setting forth what work is to be done, and the character of the same, by such owners or occupants, and the time within which they are required to do the same. If the work is not done, and the sidewalks built or repaired in the manner and within the time prescribed, the council may order the same to be done by the street commissioner at the expense of the lots and land adjoining, and the expense shall be assessed upon such adjoining land and lots, etc. *Ib. sub. ch.* S, §§ 1, 5.

The city, by these provisions of its charter, is clearly

charged with the duty of keeping its streets and sidewalks in repair, and of exercising a general oversight in regard to their condition and safety, and is therefore bound to maintain them free from all defects and obstructions, which, by the use of ordinary vigilance and care, it can detect and remove. *Cleveland vs. the City of St. Paul, 18 Minn. 279; Shartle vs. Minneapolis, 17 Minn. 308.*

The defect in this sidewalk was not occasioned by the act of the city, or with its permission, so far as the evidence shows; in order, therefore, to render the city liable for negligence, the city must have had actual or constructive notice of the defect in the sidewalk in time to have repaired it, or protected passers-by against it. *Cleveland vs. St. Paul, supra.*

The presumption from the verdict for plaintiff is, that the jury found the fact of notice to the city, and neglect to repair the defect in the walk. There is evidence tending to show the existence of this defect for a long time, some months previous to the accident, and that the walk is a prominent thoroughfare of the city; and so far as this point is concerned the evidence fully sustains the finding of the jury.

The evidence tending to show that the injury to the plaintiff was occasioned by his stepping into the hole in this sidewalk, is quite sufficient to sustain the verdict

Order denying a new trial affirmed