### MOLINE-MILBURN COMPANY *vs.* LESSER FRANKLIN.

### June 15, 1887.

Sale—False Representations—Solvency of Maker of Note.—In an action to recover personal property alleged to have been obtained by the false representations of defendant as to the solvency of the maker of a promissory note taken by plaintiff in payment of the property, it is not necessary that these false representations should have been the sole operative cause inducing plaintiff to take the note.  It is enough if they constituted one of the substantial inducements to such action.

Same—Solvency of Indorser as a Defence.—It is no defence to such an action that there are solvent indorsers on the note.  The plaintiff has a right to a solvent maker as represented, and is not required to take his chances of collecting from the indorsers.

Fraud—Evidence of other Transactions.—Where two transactions of the defendant are not separate and independent frauds, but parts of one fraudulent scheme, both committed in pursuance of a common purpose, evidence of the other transaction is admissible for the purpose of proving the motive or intention which actuated the defendant in the one under investigation.

Appeal by defendant from an order of the district court for Hennepin county, *Rea, J.*, presiding, refusing a new trial.

*R. B. Forrest* and *Forrest & Van Cleve*, for appellant.

*Russell, Emery & Reed*, for respondent.

MITCHELL, J.   This was an action to recover possession of a lot of buggies, alleged to have been obtained from plaintiff by defendant, in exchange for a note against S. E. Hart & Co., by false and fraudulent representations as to the solvency of the makers.   It appears that in the latter part of June, 1886, defendant employed one Max Zimmerman to sell or dispose of for him four notes executed by S. E. Hart

& Co., amounting in all to $2,000. The arrangement between them: was that Zimmerman was to have one-half of all he could get for the paper over $1,200; that defendant was not to be known in the transaction, or his name mentioned, but Zimmerman was to use the notes as his own,—a thing that could readily be done inasmuch as defendant's name did not appear on the paper, it being payable to the order of the makers themselves, and by them indorsed in blank. Zimmerman took the paper, and then got a man named Rogers, to whom he handed one of the notes, and then took him to the plaintiff's place of business, and introduced him as the owner of the note, which he wished to trade for buggies, as he was about to engage in the livery business. He also represented to plaintiff that he was well acquainted with S. E. Hart & Co.; that he knew they were all right and perfectly good and solvent. Plaintiff took the matter under advisement, and instituted some independent inquiries as to the standing of S. E. Hart & Co., and, the result being corroborative of Zimmerman's representations, concluded to make the trade, which was consummated July 1st. The "Hart" note given in exchange for the buggies was, at the suggestion of plaintiff, indorsed by both Zimmerman and Rogers. The buggies, as soon as delivered to Rogers, were, according to a previous understanding with defendant, taken to his stable. On July 10th, Rogers, having in the mean time had some misunderstanding with Zimmerman regarding his compensation, went and informed plaintiff that the transaction was a swindle. Plaintiff thereupon tendered defendant the "Hart" note, and demanded a return of the buggies, which was refused.

Appellant's chief and only sufficient assignment of error is that the verdict is contrary to law and against the evidence in certain specified particulars.

1. The evidence is conclusive and uncontradicted that S. E. Hart & Co. were badly insolvent on July 12th; that they met no particular loss between July 1st and July 12th; and that they were hard-up, and allowed paper to go to protest, in June. The evidence of their insolvency on the first of July was therefore ample.

2. Zimmerman, defendant's agent, himself admitted that before he made the trade with plaintiff he was confidentially advised by a cer-

tain party that S. E. Hart & Co.'s paper was worthless, but that he did not investigate the matter. Moreover, if Zimmerman and his wife are to be believed, (and that was a question for the jury,) defendant himself was aware of the fact. And even if we disregard their evidence where it is contradicted by defendant, and take only such facts and circumstances as he admits or fails to deny, the whole history of the affair points strongly to the conclusion that defendant, anticipating the early failure of S. E. Hart & Co., determined to trade off the paper through the medium of an irresponsible agent; his own connection with it being concealed, so that no recourse might be had against himself. The evidence amply warranted the jury in finding that the representations were fraudulent, and known to be false both by defendant and Zimmerman.

3. The defendant contends that the evidence shows that plaintiff did not rely upon the representations of Zimmerman, but acted upon the results of their own investigations as to the solvency of S. E. Hart & Co. It is quite probable, from the evidence, that plaintiff relied in part upon their own investigations, and that they might not have made the trade had the result of such investigations not corroborated Zimmerman's statements. But it does not follow that they relied solely upon their own inquiries. Their agent, who transacted the business, testifies positively that he did rely on Zimmerman's statements, believing them to be true. It is not necessary that the false representations should have been the sole motive; it is enough if they had a material influence upon plaintiff, although combined with other motives. In other words, it is not necessary that Zimmerman's representations were the sole operating cause inducing plaintiff to take the note; it is enough if they constituted one of the substantial inducements to such action. Bigelow, Fraud, 88; *James* v. *Hodsden,* 47 Vt. 127; *Matthews* v. *Bliss,* 22 Pick. 48; *Safford* v. *Grout,* 120 Mass. 20; *Bruce* v. *Burr,* 67 N. Y. 237.

4. Appellant contends that, even if S. E. Hart & Co. were insolvent, yet plaintiffs have made out no cause of action, because they have not proved that the indorsers, Zimmerman and Rogers, are not good, and therefore it does not appear that they have sustained any damage by the fraud. To state this proposition is to refute it. Plaintiff

took the note upon the strength of the representations that the makers were solvent, and, if these representations were false, a fraud has been committed to the injury of plaintiff, in contemplation of law, which gives him a right to rescind, no matter how many other securities he may have for the payment of the note. He had a right to a solvent maker, and is not bound to take his chances of collecting from the indorsers.

Appellant's assignment of error in the admission of evidence is too general and indefinite to be of any avail. It should have specifically pointed out the evidence which is claimed to have been erroneously admitted.

One point, however, which has been argued by counsel on both sides, may be of sufficient importance to be briefly referred to. The plaintiff was allowed to introduce evidence that on the same day or the next day after the trade with plaintiff was made, Zimmerman, with the knowledge and assent of defendant, gave two of this same lot of notes to his wife, Annie Zimmerman, to be traded off; that defendant told her not to mention his name in connection with the matter, but to say that she got them in trade for real estate; that, it being suggested that one of the notes could be traded to one Stevens for furniture, he told her to have the furniture removed at once, because Stevens would find out that Hart & Co. were going to fail; to tell him that she was going to keep house in the country, and to have the furniture taken to the Northern Pacific depot as if for shipment, and that he would then send around a dray and take it to his place of business; and that, during these negotiations with Stevens, (on July 7th,) he told her that, if she did not get the goods from him that day, "the trade would be no good," because Stevens would find out that the note was "no good." If this had been a separate and distinct fraud, it would have been clearly inadmissible; but it is evident that the acts of defendant and Zimmerman in trading one of these notes to plaintiff, and the attempted trade of the other to Stevens, were parts of one fraudulent scheme, committed in pursuance of a common purpose. The acts were so connected as to make it apparent that the defendant had a common purpose in both, viz., to get rid of these notes against S. E. Hart & Co. before their insolvency

should become known. The evidence was therefore admissible for the purpose of proving the motive or intention which actuated the defendant in the transaction under investigation in this case. *Edwards* v. *Warner*, 35 Conn. 517; *Lynde* v. *McGregor*, 13 Allen, 172, (90 Am. Dec. 188;) *Jordan* v. *Osgood*, 109 Mass. 457; *Allison* v. *Matthieu*, 3 John. 235.

Order affirmed.