LEHIGH VALLEY COAL COMPANY v. J. K. GILMORE and Another.[1]

December 16, 1904.

Nos. 14,035—(136).

**Burden of Proof.**

A foreign corporation doing business in this state will be presumed to have complied with the statutes prescribing conditions upon which such corporations may do business within our borders, and the burden is upon the defendant, where the failure of the corporation to comply with the statute is relied upon as a defense, such failure not appearing on the face of the complaint, to affirmatively plead the same in his answer.

**Assignments of Error.**

Other assignments of error *held* not well taken.

Appeal by defendants from a judgment of the district court for Ramsey county in favor of plaintiff for $129.74, entered pursuant to the findings and order of Orr, J. Affirmed.

*William G. White,* for appellants.

*C. D. & Thos. D. O'Brien,* for respondent.

[1] Reported in 101 N. W. 796.

**BROWN, J.**

Action to recover the value of certain coal alleged to have been sold and delivered by plaintiff to defendants, in which, after trial before the court below without a jury, plaintiff had judgment, from which, after motion for a new trial, defendants appealed.

The complaint alleges that plaintiff, a foreign corporation duly created and existing under the laws of the state of Pennsylvania, and lawfully doing business in the state of Minnesota, at the times stated therein sold and delivered to defendants, at their special instance and request, goods, wares, and merchandise, consisting of coal of the agreed price and value of $121.89, for which amount, with interest, judgment was demanded. The answer admits the sale and delivery of the coal, but alleges in defense that it was sold by sample; that prior to the time of the contract plaintiff exhibited to defendants a sample of coal, and that plaintiff agreed to deliver to defendants coal of the same kind and quality as the sample; and that the coal in fact delivered was not of the quality represented by the sample, but was inferior thereto, and defendants refused to accept it.

Defendants contend (1) that the evidence wholly fails to show a contract between the parties for the sale and delivery of the coal in question; (2) that, if a contract is shown, it is a different one from that alleged in the complaint; that the complaint alleges an express contract, and at most the evidence shows only an implied contract; (3) that the contract was void, being for the sale and delivery of property of a greater value than $50, under the statute of frauds; and (4) that no evidence was offered to show that plaintiff had in any manner complied with chapter 69, p. 68, or chapter 70, p. 71, Laws 1899, prescribing conditions on which foreign corporations may do business in this state.

Our examination of the pleadings and evidence contained in the record leads to the conclusion that the evidence is amply sufficient to sustain the findings of the trial court to the effect that an express contract was made and entered into by the parties for the sale and delivery of the coal in question. The answer admits that defendants ordered the coal, and that, in pursuance of the order, plaintiff delivered it to them. There was therefore no failure of proof on this subject, nor a variance between the allegations of the complaint and the evidence.

93 M.—28

There is no merit in the contention that the contract was void under the statute of frauds. While the value of the coal contracted for exceeded the sum of $50, there was a part performance of the contract on plaintiff's part by the actual delivery of the coal, which took it out from the operation of the statute.

Plaintiff is a foreign corporation, created and existing under the laws of the state of Pennsylvania, and there was in fact no evidence that it had complied with the statutes above referred to; and for this reason defendants urge that no recovery can be had by it. We do not concur in this contention. Plaintiff alleged in its complaint that it was a foreign corporation lawfully doing business in the state of Minnesota, but defendants did not answer, or at any time during the trial make the point, that it had failed to show a compliance with the statutes prescribing conditions upon which it might do business in this state. The presumption is that plaintiff had complied with the law. We so held in the case of Rock Island Plow Co. v. Peterson, supra, page 356. It was clearly incumbent upon defendants affirmatively to allege in their answer a failure on the part of plaintiff to comply with the statutes on this subject, and, having failed to do so, the defense is not available to them. The objection goes to the right of plaintiff to maintain the action, and, want of capacity not appearing on the face of the complaint, it could only be raised by answer. 15 Enc. Pl. & Pr. 471; State v. Torinus, 22 Minn. 272.

We have considered all the other assignments of error discussed in appellants' brief, and find no reason for reversing the judgment appealed from, and it is affirmed.

Judgment affirmed.