KELLEY et al. v. R. J. SCHWAB & SONS CO. et al.

In a suit by a foreign corporation, an objection that it is not entitled to sue because it has not complied with the state law authorizing corporations to do business within the state is an affirmative defense, and must be pleaded in order to be available.

A judgment against a party is conclusive of all defenses, whether pleaded or not, unless the judgment has been procured by fraud, or the judgment record on its face shows that the contract on which the judgment has been rendered is void.

A judgment in favor of a foreign corporation is conclusive against the debtor's right to have the enforcement of the judgment restrain-

ed because the corporation is not entitled to sue in South Dakota for failure to comply with its laws.

(Opinion filed, November 18, 1908.)

Appeal from Circuit Court, Beadle County. Hon. CHARLES S. WHITING, Judge.

Action by Charles A. Kelley and others against the R. J. Schwab & Sons Company and others. From a judgment for defendants and from an order denying complainants's motion for a new trial, they appeal. Affirmed.

*W. A. Lynch, C. A. Kelley,* and *James Byrnes,* for appellants. *H. S. Mouser,* for respondents.

CORSON, J. This action was instituted to restrain and enjoin the collection of a certain judgment obtained by the respondent R. J. Schwab & Sons Company, a corporation, in an action in the circuit court of Beadle county wherein the said corporation was plaintiff and the appellants were defendants, and to have said judgment decreed void and cancelled and expunged from the records of the circuit court. Findings and judgment being in favor of defendants, the plaintiffs, have appealed.

The complaint, in substance, states that the respondent the R. J. Schwab & Sons Company is a corporation existing under and by virtue of the laws of the state of Wisconsin; that on or about the 17th day of March, 1905, the said respondent company at the city of Huron, S. D., entered into a certain agreement with the appellants, whereby the appellants promised and agreed to pay to the said respondent corporation on or before the 15th day of June, 1905, the sum of $540, with interest thereon at the rate of 6 per cent. per annum from the date of said contract, and that the said contract was duly signed by the appellants, and was made and delivered to the respondent corporation at said city of Huron, in said state; that on the 22d day of July said respondent company instituted a suit against these appellants in the above-named court to recover the said sum; that on the 20th day of January, 1906, the said respondent company recovered a judgment in said action against the appellants herein for the sum so claimed to be due; that said respondent company caused an execution to be issued

out of said court on said judgment and to be placed in the hands of said respondent Charles E. Young, as sheriff of Beadle county with directions to said sheriff to execute the same on any property owned by these appellants or either of them in said county of Beadle, and that the said sheriff threatens to proceed under said execution and levy upon the property of these appellants; that the respondent is a foreign corporation, and has no existence in the state of South Dakota, and that the said respondent company has never at any time complied with the laws of this state by filing its articles of incorporation with the Secretary of State, and appointing an agent therein, as required by the statutes of this state; and that, by reason of the premises, appellants allege that at the time said contract described in this complaint was executed said respondent company was not authorized to transact any business, acquire, hold, or dispose of any property, or make or enter into any contract whatever in this state, and that the contract hereinbefore referred to became, and was, and is, unlawful and utterly void.

The respondent corporation in its answer pleaded that in the action described in plaintiff's complaint the parties defendant in that action are the parties plaintiff herein, and that the present defendant company was the plaintiff in that action, and is the real defendant in this action; that said action was tried upon its merits by the court, all parties to the action appearing therein; that the matters sought to be set up in plaintiff's complaint in this action were set up and adjudicated in said original action in which said judgment was obtained; that in said original action in which said judgment was obtained the plaintiffs in this action made voluntary appearance as defendants and pleaded to said action, and that there was a full trial before the court upon the merits of all the issues in said action, and that the court rendered said judgment, and the same became, and was, and is still, a lien against all the real property of the plaintiffs in said county; that the instrument set up in plaintiffs' present complaint was the sole and only controversy in and foundation of said original action in which said judgment was obtained.

The court in its findings found the facts substantially as set out in the answer, and concludes as a matter of law that the plain-

tiffs are not entitled to any relief against said judgment nor to have the same declared void, and are not entitled to have the said judgment vacated and expunged from the records of this court, but that a stay of proceedings should be granted until the respondent corporation shall have complied with the provisions of the statute.

It is contended by the appellants that as the defendant corporation had not at the time of the commencement and at the time of the trial of the former action filed its articles of incorporation with the Secretary of State, and appointed a resident agent, as required by the statutes of this state, the judgment therein was null and void.   The respondent corporation, however, contends that, as the defense that the defendant corporation had not complied with the statue was not pleaded nor proven in the former action, therefore the judgment is valid and binding upon the appellants, who were the defendants in that action.   We are inclined to the view that the respondent company is right in its contention.   So far as the record discloses, the defense that the plaintiff corporation had not complied with the statute was not pleaded or proven on the trial.   It was held by this court in the case of Acme Mercantile Agency v. Rochford, 10 S. D. 203, 72 N. W. 466, that such a defense is affirmative, and to be available to the party must be pleaded.   The view of the law taken by this court in that case is sustained by the Supreme Court of Minnesota in Lehigh Valley Coal Co. v. Gilmore et al., 93 Minn. 432, 101 N. W. 796, 106 Am. St. Rep. 443, and by the Supreme Court of North Dakota in the case of Hart-Parr Co. v. Robb-Lawrence Co., 15 N. D. 55, 106 N. W. 406.

It is further contended by the respondent that, as the defense that the defendant corporation had not complied with the statute could have been pleaded in the former action by the present plaintiffs, who were the defendants in that action, the judgment is conclusive as against them, and that they are now estopped from interposing any defense to that judgment or to question its validity, and that that judgment is an absolute bar to the present action. We are of the opinion that the respondent is right in this contention.   This court in the case of Howard v. City of Huron, 5 S. D. 539, 59 N. W. 833, after quite a full review of the authorities, held

that a judgment is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter that was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose, and that where a party has had his day in court, and an opportunity to make any defense that he may have to an action, and he makes such defense, and it is decided adversely to him, or he fails to interpose such defense as he may then have, he cannot afterward be heard to question the judgment rendered in the action, except when the judgment has been procured by the fraud of the parties, or the judgment record on its face shows that the contract upon which the judgment was rendered was absolutely void. 'The law as established in that case was subsequently reaffirmed in the case of Remilliard v. Authier, 20 S. D. 290, 105 N. W. 626, 4 L. R. A. 295. Clearly in the case at bar the appellants as defendants in the former action could have, if they so desired, pleaded the facts they now allege in their complaint as the grounds for sutaining their present action as a defense to that action, and, having failed to so plead it, the judgment in that action must be held as a bar to the present claim of the appellants. As the law applicable to judgments and their conclusiveness as to the parties to the action as to all defenses made, or that might have been made in the action, was so fully considered by this court in the cases above cited, we do not deem its further discussion necessary. It must suffice to say, therefore, that in our opinion the judgment rendered in the former action is a conclusive bar to the present action, and that the trial court was therefore right in its conclusions.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.