R. W. BONYEA PIANO COMPANY v. C. W. WENDT.[1]

January 19, 1917.

Nos. 20,065—(197).

**Misstatement in charge to jury — duty of counsel.**

1. Where a charge contains defects which it is fair to presume the court would correct if its attention were called to them, it is the duty of counsel to seasonably call the attention of the court to the same, and to request a correction.

**Charge not prejudicial.**

2. The instruction complained of when considered in connection with the entire charge, *held* not to be prejudicial.

Action in the municipal court of St. Paul to recover $290. The substance of the answer is found in the first paragraph of the opinion. The case was tried before Boerner, J., and a jury which returned a verdict for $85. Defendant's motion for a new trial was denied. From

1 Reported in 160 N. W. 1030.

the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*E. A. Waters,* for appellant.

*T. R. Kane* and *Q. J. David,* for respondent.

QUINN, J.

An action to recover upon a contract for the sale of a piano. Plaintiff claims in its complaint that plaintiff and defendant entered into a contract in writing, by the terms of which plaintiff agreed to sell to defendant a piano, in consideration whereof defendant agreed to pay plaintiff the sum of $290, payable as follows: Twenty-five dollars on December 15, 1914, the balance in equal monthly payments of $15, payable on the fifteenth day of each month thereafter. The defendant in his answer admits the signing of a contract, the delivery of the piano and that no part of the purchase price has been paid. He also alleges that he was induced to purchase such piano and to sign said contract by reason of certain false and fraudulent representations made to him by plaintiff's agent, at and prior to the time of the signing of such contract. He also sets up a counterclaim for damages for the storage of such piano while in his possession.

Plaintiff had a verdict in the court below and defendant appealed from an order denying a new trial.

In his brief counsel for appellant urges but one assignment of error, the giving of the following instruction to the jury: "The court instructs you that, in order to recover for the alleged false representations made by the plaintiff, defendant must show that he was induced to make the purchase relying solely upon the false representations of the plaintiff." The objection urged to this instruction relates to the use of the word "solely." If this instruction is what the court intended, or what the jury might have understood from the whole charge, it was clearly erroneous, but, considering the instruction given by the court as a whole, it is difficult to see how the jury could be misled. In its charge preceding the giving of the instruction complained of, the court instructed the jury: "Now, the principal question for you to decide will be as to the representations made by the plaintiff through its agent, Mr. Bonyea, to the defendant at [the time of] the sale of

the piano. To constitute fraud, there must be false representations and statements made by one party to another at the time of the sale upon which the party relied to his pecuniary damage, and this is the defense set up by the defendant in his answer. The court instructs you, gentlemen of the jury, that fraud is a false statement or statements of material facts made for the purpose of inducing another to part with money or valuable things, which statements are calculated to influence the person to whom they are made, and which statements do actually deceive the person to whom they are made, and thereby induce him to part with money or other valuable things, and such statements when made by the agent of a party come within the same rule. That is, if the statements were made by Mr. Bonyea as the agent of this corporation they would come within this rule."

The court in another part of its charge said to the jury: "If you believe from the evidence that the agent of the plaintiff made false and fraudulent statements respecting the piano sold to defendant, knowing them to be false, or without reasonable or practical cause [to believe] them to be true, and with the intention to induce the defendant to purchase, and that the defendant relied upon these false representations and was deceived by them, then you may find the representations fraudulent, and the defendant would be entitled to recover."

The use of the word "solely" in the instruction complained of was an inaccuracy which might and undoubtedly would have been corrected, had the court's attention been seasonably directed to the same. If counsel considered such instruction misleading, it was his duty to call the court's attention to the same so that the mistake might have been corrected before the jury retired.

Order affirmed.