HENRY C. KRAUS v. NATIONAL BANK OF COMMERCE OF MANKATO.[1]

April 19, 1918.

No. 20,824.

**Vendor and purchaser — action by purchaser for deceit — reliance on personal inquiry.**

1. If the buyer does not rely upon the representations of the seller

1Reported in 167 N. W. 353.

but upon his own investigations, he cannot maintain an action for deceit; but, if he made only a partial investigation and relied in part upon such representations and was deceived to his injury, he may maintain the action.

**Same — when plaintiff is deceived by false representations.**

2. He cannot base an action for deceit upon representations which he knew were false, but, if he did not know that they were false, and was in fact deceived to his injury, he may maintain an action, although the circumstances may have been such that a person of prudence and alertness ought not to have been deceived.

**Same — question for jury.**

3. The evidence made a question for the jury as to whether the buyer had in fact been deceived by false representations.

**Same — evidence respecting mental capacity of purchaser.**

4. The court unduly restricted the evidence offered for the purpose of showing that the mental capacity of the buyer had become impaired.

Action in the district court for Blue Earth county by the guardian of the estate of William A. Bedbury, incompetent, to recover $2,500 for false representations in the sale of a house and lot. The case was tried before Comstock, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*C. J. Laurisch, Pfau & Pfau,* and *H. A. Johnson,* for appellant.

*H. L. & J. W. Schmitt* and *Hughes & Ellsworth,* for respondent.

TAYLOR, C.

In July, 1914, defendant sold a house and lot located in the outskirts of the city of Mankato to William A. Bedbury. In the following December, the probate court found that Bedbury was not competent to care for his property and appointed plaintiff guardian of his estate. Shortly thereafter plaintiff brought this action to recover damages for fraudulent misrepresentations alleged to have been made in effecting the sale of the house and lot to Bedbury. At the close of plaintiff's evidence, the case was dismissed on the ground that the evidence failed to establish a cause of action, and plaintiff appealed from an order denying a new trial.

Dismissing an action for failure of proof is warranted only when there is no evidence which, if believed by the jury, would justify them in finding a verdict for the plaintiff. 3 Dunnell, Minn. Dig. §§ 9753, 9754 And the principal question presented is whether the evidence made an issue for the jury as to whether Bedbury had been fraudulently deceived to his injury concerning the property sold to him.

According to the testimony of Bedbury, the agents of defendant represented that the property was worth $5,000 and was renting for $18 to $20 per month; and that the house was modern and had electric lights, a bath, and water from the waterworks upon both the first floor and the second floor. The house, in fact, had none of the modern conveniences mentioned; it had no electric lights, no bath, and no provision for water except a cistern and cistern pump. There was also evidence tending to show that the property was worth less than $2,000 and that the rental was materially less than had been stated. The evidence was sufficient to make a question for the jury as to whether the representations were made and were untrue, but in order to give rise to a cause of action in deceit it must also appear that Bedbury relied upon them to his injury. He testified unequivocally that he made the purchase in reliance upon the representations stated; but defendant contends that, instead of relying upon any representations made by its agents, he examined the property for himself and relied upon his own judgment. It is well settled that, where the buyer does not rely upon the representations of the seller, but makes a full investigation himself, and then acts in reliance upon the information obtained in his own investigation, he is not in position to charge the seller with deceit. Meland v. Youngberg, 124 Minn. 446, 145 N. W. 167, Ann. Cas. 1915B, 755, and cases cited therein. But it is also well settled in this state that where he makes only a partial investigation, and relies in part upon the representations of the seller, and is deceived by such representations to his injury, he may maintain an action for such deceit. Moline-Milburn Co. v. Franklin, 37 Minn. 137, 33 N. W. 323; Marshall v. Gilman, 52 Minn. 88, 53 N. W. 811; Brown v. Andrews, 116 Minn. 150, 133 N. W. 568; Rudolphi v. Wright, 124 Minn. 24, 144 N. W. 430; Meland v. Youngberg, 124 Minn. 446, 145 N. W. 167, Ann. Cas. 1915B, 775; Woodward v. Western Canada Colonization Co. 134 Minn. 8, 158 N. W. 706, L. R. A. 1917C, 270.

Defendant's agents took Bedbury out to see the property. Concerning this investigation, which was the only one made, Bedbury testified: "They simply went into the house and took me down cellar and showed me the cellar, and they pointed out a place that they said was the place to put in a furnace, and then we went upstairs and we didn't take much time to go through the house upstairs and down. I didn't take time to look whether or not there was waterworks in the house or electric light or anything they said as being there, because I relied upon their word, you know. I took their word for it. * * * I don't think we were inside of the house to exceed three minutes, and then we went out to look at the lot." On cross-examination he was asked if he could not see that there were no electric light fixtures and answered: "To tell you the truth, I didn't think to look." The evidence shows that Bedbury was a farmer 77 years of age who was not familiar with city property and who had become quite forgetful—so much so that the probate court appointed a guardian of his estate a few months later.

The buyer cannot predicate deceit upon representations of the seller which he knew were false when he made his purchase, but, if he in fact relied upon false representations in ignorance of their falsity and was deceived to his injury, he may maintain his action although the means of knowledge and the circumstances were such that a person of ordinary prudence and alertness ought not to have been deceived. The question is whether he was actually deceived, and is to be determined as a question of fact from a consideration of all the attending circumstances including the means of knowledge available and the degree of judgment, caution and alertness which he really possessed and exercised. Kempf v. Ranger, 132 Minn. 64, 155 N. W. 1059.

The testimony tended to show that Bedbury had been misled as to the character and value of the property; that his examination of it had been extremely brief and cursory; that his faculties were in such condition that he was apt to overlook and forget important matters, and that he had not noticed that the house lacked the modern conveniences; and we cannot say that this evidence is so improbable that the jury would not be justified in finding that he had been deceived. The question should have been submitted to them. As this conclusion necessitates a reversal, the other questions require only brief mention.

The complaint alleged that Bedbury was not competent to transact business at the time he made the purchase, and most of the other questions raised relate to rulings excluding testimony offered in support of this allegation. It is difficult for the average witness to give testimony of much value upon such questions without giving his opinions formed by observing the acts and conduct of the person concerning whose capacity he is testifying. Of course he should describe as well as he can the acts and conduct upon which his opinion is based to aid the jury in determining the weight to which his opinion is entitled. But, when he is called upon to testify concerning the mental capacity of a person with whom he has associated and whose acts and conduct he has observed, his conclusions are admissible, and his testimony should not be restricted to a statement of the concrete facts which he is able to point out. 3 Wigmore, Ev. §§ 1922, 1924, 1926, 1929, 1934. We think the court unduly restricted the testimony bearing upon the question of mental capacity.

Order reversed.