CAMPBELL ELECTRIC COMPANY v. W. W. CHRISTIAN.[1]

December 27, 1918.

No. 21,045.

**Foreign corporation doing business in Minnesota — dismissal of action.**
    1. In an action brought in the courts of this state by a foreign corporation to recover upon several promissory notes, it is *held* that the question whether the notes arose out of transactions had by the corporation in this state in violation of our statutes imposing certain conditions upon the right of such corporations to do business in this state, or whether they arose out of interstate transactions, was made an issue of fact by the pleadings, and there was no error in denying defendant's motion to dismiss the action before trial on the ground that plaintiff

1Reported in 170 N. W. 199.

had no right to transact business in this state because of its failure to comply with our foreign corporation statutes.

**Same — no presumption of violation of statute.**
    2. A violation of the statute will not be presumed.

**Res judicata — discharge of garnishee after hearing on merits.**
    3. If an order discharging a garnishee or dismissing a garnishment proceeding may, in any case, be held res judicata as to any issue presented by the pleadings in the main action, it should be so held only when it appears that such issue was directly involved, and that there was a full hearing on the merits thereof on the motion to dismiss or discharge.

**Same — rule inapplicable.**
    4. Within the rule, it is *held* that the order dismissing the garnishment proceedings in this case is not res judicata of the issue presented by the pleadings in the main action as to the character of the transactions out of which the several causes of action arose.

Action in the district court for Ramsey county to recover $1,721.64 upon promissory notes. One defense is stated in the first paragraph of the opinion. The case was tried before Haupt, J., who denied defendant's motion to dismiss the action, and granted plaintiff's motion for a directed verdict for $1,300 and interest. From the judgment for $2,123.61, entered pursuant to the verdict, defendant appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.

*F. I. Bright,* for respondent.

BROWN, C. J.

This action was brought to recover upon several promissory notes theretofore made and delivered by defendant to plaintiff, and for other relief. Defendant interposed in defense among other things that plaintiff was a foreign corporation and had not complied with the statutes of this state, and therefore had not acquired the right or been licensed to transact business therein. In reply plaintiff admitted that it was a foreign corporation, but denied that it had violated the statutes of the state, and affirmatively alleged that the only business transacted by it in the state, and out of which the promissory notes in suit arose, was in the form of interstate commerce; that it sold goods to purchasers re-

siding in this state, but only upon orders taken by its agent and transmitted to its home office in Massachusetts for acceptance or rejection. If accepted the goods ordered were shipped direct to purchasers. The allegations of the reply clearly presented an issue of fact on the question whether the notes in suit arose out of interstate transactions, or as the result of transactions condemned by our foreign corporation statute.

Thereafter plaintiff caused the commencement of garnishment proceedings, under which certain property and effects of defendant were garnished and held subject to the result of the action. After the disclosure of the garnishee and upon the pleadings in the action, defendant moved the court for an order vacating and setting aside the garnishment proceedings, on the ground that not having complied with the requirements of our foreign corporation statute plaintiff was not entitled to resort to our courts for the enforcement of contracts made in violation thereof. The motion was granted, and the garnishment proceedings dismissed. Plaintiff acquiesced in that order; at least no appeal was taken therefrom and it became final.

The cause was thereafter brought on for trial and when reached in its order on the calendar defendant moved for a dismissal of the action on the grounds: (1) That the pleadings disclosed that the causes of action set forth in the complaint arose from transactions by plaintiff in this state in violation of our statutes on the subject of foreign corporations doing business therein, and that it could not maintain an action thereon in our courts; and (2) that the previous order of the court dismissing the garnishment proceedings was res judicata upon the question of the right of plaintiff to maintain the action, and conclusive that plaintiff had no such right. The motion was denied. Defendant then withdrew from the case and subsequent proceedings resulted in a default judgment for plaintiff for the amount claimed in the complaint. Defendant appealed.

1. The contention of defendant that the pleadings affirmatively show that the promissory notes in suit arose out of business transacted in the state by plaintiff without a compliance with our statutes as to foreign corporations, and therefore that plaintiff cannot maintain an action thereon in this state is not sound. That issue was presented by the

pleadings, and plaintiff's allegations were that the particular transactions took the form of interstate commerce, to which our foreign corporation statute does not apply. Rock Island Plow Co. v. Peterson, 93 Minn. 356, 101 N. W. 616; 4 Notes on Minn. Reports, 1095. There can be no presumption that plaintiff had violated the laws of the state. Lehigh Valley Coal Co. v. Gilmore, 93 Minn. 432, 101 N. W. 796, 106 Am. St. 443, 2 Ann. Cas. 1004. The ruling of the trial court was therefore right. The question was squarely put in issue by the pleadings, and plaintiff was entitled to a hearing thereon.

2. The contention that the order dismissing the garnishment proceeding is res judicata upon the issue of the right of plaintiff to maintain the action in this state is not sustained. Whether plaintiff must fail in the action upon this ground depends wholly upon the question whether the causes of action stated in the complaint arose out of business transacted by the company in violation of the laws of this state. That question was in issue by the pleadings, and the record before us certifies that no evidence, "documentary, oral or of any other. kind," was introduced on the hearing of the motion to dismiss the garnishment proceedings.

If an order discharging a garnishee or dismissing the garnishment proceeding in any particular case may properly be held res judicata as to any issue or issues presented by the pleadings in the main action (Heidel v. Benedict, 61 Minn. 170, 63 N. W. 490, 31 L.R.A. 422, 52 Am. St. 592; Kanne v. Minneapolis & St. L. Ry. Co. 33 Minn. 419, 23 N. W. 854), it should be so held only when it appears that such issues were not only involved on the motion to discharge or dismiss, but that there was a full hearing upon the merits thereof. Hawkins v. Horton, 91 Minn. 285, 97 N. W. 1053; Eyre v. City of Faribault, 121 Minn. 233, 141 N. W. 170, L.R.A. 1917A, 685; Major v. Owen, 126 Minn. 1, 147 N. W. 662, Ann. Cas. 1915D, 589; Truesdale v. Farmers' L. & T. Co. 67 Minn. 454, 70 N. W. 568, 64 Am. St. 430. It does not so appear in the case at bar, for as before stated the record states that no evidence of any kind was offered on the motion to dismiss·the garnishment proceeding. A violation of the statute was not admitted by the pleadings. The order of dismissal was not therefore res judicata.

Judgment affirmed.