OLD COLONY LIFE INSURANCE COMPANY v. JOSEPH MOEGLEIN.[1]

November 20, 1925.

No. 24,753.

**Not essential to recovery in action for deceit that representation was sole cause of plaintiff's activity.**

1. In order to permit a plaintiff to recover in an action in deceit, it is not essential that the representation should have been the sole cause of the plaintiff's activity, but it is sufficient if it constituted one of several inducements and had a material influence upon the plaintiff.

**Charge substantially correct.**

2. In such an action the court charged the jury in part: "If plain-

[1] Reported in 205 N. W. 885.

tiff, the insurance company, did not in fact rely upon these representations, if it relied on its own knowledge of conditions, or upon anything else, and did not rely upon defendant's statements or representations, then plaintiff would not be entitled to recover." *Held* that the charge was substantially correct and that, if counsel considered such instruction misleading, it was their duty to call the court's attention to the same.

**Charge proper that if bank, represented as safe, could not have paid money, there was no damage.**

3. Upon the record it was proper for the court to instruct the jury that, if there was no loss resulting from leaving the funds in a bank, represented as safe, because the bank could not at any time have paid the plaintiff its money if it had made demand, there would be no damage.

1. See Fraud, 26 C. J. pp. 1165, 1166, § 76 (Anno). .
2. See Appeal and Error, 3 C. J. p. 919, § 818; Fraud, 27 C. J. p. 80, § 223.
3. See Fraud, 26 C. J. p. 1167, § 77; 27 C. J. p. 78, § 219.

1. See 12 R. C. L. p. 358 et seq. 2 R. C. L. Supp. p. 420.

Action in the district court for Morrison county for false representations. The case was tried before Parsons, J., and a jury which returned a verdict in favor of defendant. Plaintiff appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*James A. Peterson, William McKinley* and *Paul E. Price,* for appellant.

*C. Rosenmeier,* for respondent.

WILSON, C. J.

December 11, 1923, plaintiff, having on deposit in the Pierz State Bank about $5,000, wrote a letter to defendant, who was the president of this bank and who was the active vice-president of the Merchants State Bank of Little Falls, asking the latter bank to guarantee the deposit in the former bank. Defendant on December 17, answering, wrote:

"I have charge of the Pierz State Bank and have things very well in hand. While I cannot guarantee the deposits in that bank as an officer of this bank, I can assure you that no one that puts a dollar in there will lose it. If it is necessary, we can pay every dollar that that bank owes.

"That is the position we have taken and if at any time the bank is closed, it will just be absorbed by us and the deposits will be taken over by this bank. You do not need to hesitate about making a deposit there."

The bank closed on January 27, 1924. In the meantime plaintiff continued the account, making about eight deposits aggregating $1,019.44 and withdrawing $1,500, leaving a net balance of $4,-776.27. Plaintiff sought to recover this amount, basing its action in deceit. The answer claims the statements in the letter were made in good faith, but that the Pierz State Bank was, on the date of the letter and ever since, in such condition that it was unable to pay its depositors and that if plaintiff had then or at any time subsequently demanded its money the bank would have closed.

The jury gave defendant a verdict. Plaintiff now appeals from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

1. In reference to plaintiff's reliance upon the representations contained in the letter the court, in part, said to the jury: "If plaintiff, the insurance company, did not in fact rely upon these representations, if it relied on its own knowledge of conditions, or upon anything else, and did not rely upon defendant's statements or representations, then plaintiff would not be entitled to recover."

This instruction is now challenged by plaintiff. The evidence shows that plaintiff relied in part upon these representations and in part upon its own investigation. In order to permit a plaintiff to recover in such action, it is not essential that the representation should have been the sole cause of the plaintiff's activity, but it is sufficient if it constituted one of several inducements and had a material influence upon the plaintiff. Moline-Milburn Co. v. Franklin, 37 Minn. 137, 33 N. W. 323; Marshall v. Gilman, 52 Minn. 88, 53

N. W. 811; Meland v. Youngberg, 124 Minn. 446, 145 N. W. 167, Ann. Cas. 1915B, 775; Kraus v. National Bank of Commerce, 140 Minn. 108, 167 N. W. 353; 26 C. J. 1165; 12 R. C. L. 358. Plaintiff says that the doctrine of partial reliance should have been specifically stated to the jury. But the charge as given says that plaintiff could not recover if it relied upon its own investigation or anything else and not upon defendant's representations. This is substantially correct. We cannot always expect technical perfection. We think the substance of this specific instruction, together with the charge as a whole, conveyed a correct understanding of the law to the jury. If counsel considered such instruction misleading, it was their duty to call the court's attention to the same. Bonyea Piano Co. v. Wendt, 135 Minn. 374, 160 N. W. 1030; Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754; Dun. Dig. § 9798. This was not done. No exception was taken. This case does not come within the rule of Kincaid v. Jungkunz, 109 Minn. 400, 123 N. W. 1082; Esterly-Hoppin Co. v. Burns, 135 Minn. 1, 159 N. W. 1069; Sassen v. Haegle, 125 Minn. 441, 147 N. W. 445, 52 L. R. A. (N. S.) 1176.

2. Plaintiff also complains of the charge of the court wherein the jury was told that, if there was no loss resulting from leaving the funds in the bank because the bank could not have paid the deposits to plaintiff if it had made demand for payment, then there would be no damage. It is insisted that plaintiff suffered damages if, in reliance upon false information given to it by the defendant, it continued to make deposits which it would not otherwise have made. It is said that the record shows that it was the intention of plaintiff merely to withdraw a part of its funds, hence the instruction was inappropriate. This hypothesis is erroneous. The record discloses that, if the plaintiff had not received the letter containing the representation, the plaintiff would have withdrawn the deposit. If to be withdrawn for want of a guaranty, we cannot assume that the withdrawal would have been gradual. During the subsequent interval plaintiff drew out more money than it put into the bank. If as a matter of fact, as the evidence tended to show, the bank during this period could not have paid plaintiff, it suffered no damage incident to the delay. Under the evidence in the case the charge was imperative.

Affirmed.