# SELMA BULAU v. LEONARD BULAU AND ANOTHER.[1]

November 15, 1940.

No. 32,479.

*Philip L. Scherer,* for appellant.
*J. A. Morrison,* for respondents.

GALLAGHER, CHIEF JUSTICE.

This is an appeal from an order dismissing the cause on the ground of lack of jurisdiction. The suit is predicated upon defendants' alleged fraud practiced upon plaintiff in inducing her not to file a claim against the estate of one Augusta Bulau for care and services furnished decedent.

[1]Reported in 294 N. W. 845.

Defendant Leonard Bulau was executor of the estate, and he and defendant Ernest Bulau were brothers of decedent and the sole beneficiaries under the will.

The question whether an order dismissing the action in district court is properly appealable was not raised here, but since our jurisdiction is only appellate we cannot overlook it. Appellate jurisdiction cannot be conferred by consent. Darby v. Board of Co. Commrs. 109 Minn. 258, 123 N. W. 662. The right of appeal is governed by statute. 2 Mason Minn. St. 1927, § 9498; Seeling v. Deposit B. & T. Co. 176 Minn. 11, 222 N. W. 295. The trial court ordered a dismissal of the action on the ground that it had no jurisdiction. There are cases holding, and we believe the general rule to be, that an order of dismissal is but an order upon which judgment may be entered, and that appeal should be from the judgment. Searles v. Thompson, 18 Minn. 285 (316); Gottstein v. St. Jean, 79 Minn. 232, 82 N. W. 311; Jones v. Rahilly, 16 Minn. 155 (177). However, where the dismissal is for want of jurisdiction, we believe that both reason and precedent require our holding that such an order is appealable. As said in Ross v. Evans, 30 Minn. 206, 207, 14 N. W. 897:

"From the nature of the case, if the court had not acquired any jurisdiction to take cognizance of the action, the order was necessarily a final one, which prevented further proceedings in the district court. It is properly appealable under Gen. St. 1878, c. 86, § 8, subd. 5."

The cited statute is the same as the present 2 Mason Minn. St. 1927, § 9498(5). In the Ross case, the want of jurisdiction on the part of the district court was apparent on the face of the record. Such is not the case here. But in view of the fact that the court dismissed on the particular, though mistaken, ground of lack of jurisdiction, nothing further was necessary to terminate the proceedings, and an appeal from the last order it could make would be

proper. In re Guardianship of Jaus, 198 Minn. 242, 269 N. W. 457; Samels v. Samels, 174 Minn. 133, 218 N. W. 546.

2 Mason Minn. St. 1927, § 9322, provides modes of dismissal. It also provides that dismissals before trial are made by entry in the clerk's register and notice to the adverse party, but makes no such provision as to dismissals at the trial. So, generally, judgment of dismissal would be requisite before appeal could be taken. However, where the gist of the dismissal is want of jurisdiction, we believe an appeal from the order dismissing may be allowed. Ross v. Evans, 30 Minn. 206, 14 N. W. 897.

Plaintiff on December 27, 1937, petitioned the probate court of Sibley county to open the estate of Augusta Bulau, and to allow her to file a claim for board, lodging, and services provided and furnished decedent during her lifetime at her special instance and request, such care and services being of the reasonable value of $1,100.70. The probate court denied the petition, it appearing that plaintiff had notice of the time within which claims were to be filed. Plaintiff did not appeal from the probate court's decision. In September, 1938, she brought suit in the district court against these defendants, alleging her claim against the Bulau estate, and that defendant Leonard Bulau, its representative, before expiration of the time within which to file claims, represented to plaintiff that if she would refrain from filing her claim against the estate he would pay said claim in full after the estate had been finally settled. It was further alleged that defendant Leonard Bulau did not intend to keep his promise at the time he made it and did not keep it; that he intended to deceive her; and that she relied upon his statements in good faith and was damaged to the extent of her barred claim. Defendant Ernest Bulau is charged with receiving one-half of the estate under the terms of the will with knowledge of his brother Leonard's fraud upon plaintiff. When the case

came on for hearing defendants moved for dismissal on the ground that the same had been formerly adjudicated and that the district court was without jurisdiction. The trial court ordered dismissal on the latter ground, and this appeal is from that order.

For determination is the question whether the action of the probate court in denying plaintiff's petition for an order setting aside the decree of distribution and for leave to file and present her claim against the estate constitutes *res judicata* of the question involved and estops plaintiff from prosecuting the present action. An order affecting a substantial right, and appealable, made in determining a motion after a full hearing has been had on a controverted question of fact and deciding a point actually litigated, is an adjudication binding upon the parties in a subsequent action and conclusive upon the point decided. 4 Dunnell, Minn. Dig. (2 ed.) § 6510. The estoppel applies only to the facts actually litigated and not to such as might have been litigated. Heidel v. Benedict, 61 Minn. 170, 63 N. W. 490, 31 L. R. A. 422, 52 A. S. R. 592; Major v. Owen, 126 Minn. 1, 4, 147 N. W. 662, Ann. Cas. 1915D, 589; Campbell Elec. Co. v. Christian, 141 Minn. 296, 170 N. W. 199. It must appear that the same issues were not only involved on the motion but that there was a full hearing on the merits. Campbell Elec. Co. v. Christian, *supra;* Eyre v. City of Faribault, 121 Minn. 233, 141 N. W. 170, L. R. A. 1917A, 685; Major v. Owen, *supra.*

The petition upon which the probate court acted was one to reopen the estate and to permit plaintiff to file her claim. It was addressed to the discretion of that court. In denying it the probate court passed only upon petitioner's right to have the decree vacated and to file her claim. It did not pass on the merits of the claim, and, of course, did not pass on plaintiff's cause of action for fraud against the defendants because it had no jurisdiction therein. O'Brien v. Lien, 160 Minn. 276, 199 N. W. 914. Since the

probate court did not have jurisdiction to determine the issue of fraud between these parties, its judgment therein does not operate as a bar in a subsequent trial of that issue in district court. Muellenberg v. Joblinski, 188 Minn. 398, 247 N. W. 570; McKinnon v. Red River Lbr. Co. 119 Minn. 479, 138 N. W. 781, 42 L. R. A. (N. S.) 872; 3 Dunnell, Minn. Dig. (2 ed. & 1934 Supp.) § 5194a.

It follows that the district court had jurisdiction of the cause. The action is one for damages for fraud. The district court has original jurisdiction over all civil and criminal actions except in cases where exclusive original jurisdiction is given by the constitution to the supreme or probate courts. Minn. Const. art. 6, § 7; 2 Dunnell, Minn. Dig. (2 ed.) § 2759.

The question of fraud is for the jury unless the evidence is conclusive. 3 Dunnell, Minn. Dig. (2 ed. & 1937 Supp.) § 3840, and cases cited. Whether a party relied upon the representations is also a question for the jury. Kraus v. Nat. Bank of Commerce, 140 Minn. 108, 167 N. W. 353; Schmidt v. Thompson, 140 Minn. 180, 167 N. W. 543.

Order reversed.